The action in this case was brought to recover damages for breach of contract on the sale of a Chrysler automobile, the purchase price of which was $300 and a Plymouth car.
At the time of sale, the plaintiff testified, it was represented to him that the Chrysler was in good working condition and would give satisfactory transportation and that he relied upon these representations in making the purchase. There was a verdict for the plaintiff in the sum of $450 and the defendant appeals alleging that the plaintiff had adequate knowledge of the condition of the car at the time of sale and could not rely upon the representation; that the court erred in admitting the testimony of one Conti as to damage; that there should have been a verdict directed in favor of the defendant.
The first point we find to be without substance. There was no evidence to show that the plaintiff had knowledge of the condition of the car at the time of purchase to deprive him of the right to rely upon the representations made.
On the second point, the plaintiff called a witness to testify over objection:
"By Mr. Ewart:
"Q. Are you in a position to determine what that car might have been worth on March 8, 1948? *Page 58 
"Mr. Karkus: Object, Your Honor.
"The Court: I think he can answer that. It is a question calling for yes or no.
"A. Yes.
"Q. What was it worth?
"Mr. Karkus: Object. This witness should not enter into the realm of conjecture.
"By the Court:
"Q. You have said you could tell us that. A. Yes, to a certain extent.
"Q. What do you mean? A. If the car was not in good shape, — not casting any reflections on the people who sold it, — if that car was in perfect condition at the time it was sold six months previous, that car should be worth three hundred seventy-five to four hundred twenty-five, presuming it was in good shape.
"Mr. Karkus: I don't think we need experts to make guesses, the condition not having been described as it actually was. I desire to urge the objection and take advantage of an exception. I think it is very important and highly prejudicial to the defendant's case. We are entering the realm of conjecture.
"The Court: I will let the answer stand."
The appellant's contention is that the testimony was incompetent because the witness' knowledge was too remote from the time of sale. The witness was called as an expert on the value of second-hand automobiles and for this purpose seemed to be fully qualified. It is true that he did not examine the car until several months after the sale but does this fact justify the court in refusing to permit him to express an opinion as to the value of the car when sold? We think not. The witness, from the testimony, would seem to have been highly qualified as an expert on the value of second-hand automobiles. He had not seen the car for several months but this did not disqualify him from expressing an opinion as to the value of the car in the public market at the time of sale assuming the facts as stated in the hypothetical question presented to him were correct.
While the representations were in partial dispute between the parties, these do not prevent the right of the plaintiff to have that dispute settled by the jury.
The submission of the case was, therefore, proper and the judgment is affirmed. *Page 59