145 N.J. Super. 433 (1976)
368 A.2d 363
LANSCO, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
THE DEPARTMENT OF ENVIRONMENTAL PROTECTION OF THE STATE OF NEW JERSEY, DAVID J. BARDIN, JOHN W. VERNAM, EDWARD J. FAILE, NEWARK INSURANCE COMPANY, DUANE MARINE CORPORATION, DEFENDANTS-RESPONDENTS, AND ROYAL GLOBE INSURANCE COMPANIES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 16, 1976.
Decided November 30, 1976.
*434 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Lawrence Weintraub, attorney for appellant.
Messrs. Breslin & Breslin, attorneys for respondent Lansco, Inc. (Mr. Paul A. Dykstra on the brief).
Mr. William F. Hyland, Attorney General, filed a statement in lieu of brief on behalf of State respondents (Mr. Thomas P. Weidner, Deputy Attorney General, of counsel).
PER CURIAM.
The judgment of the Chancery Division is affirmed essentially for the reasons expressed by Judge Gelman in his opinion which is reported in 138 N.J. Super. at 275.
The Legislature clearly has created only two exceptions to liability for the discharge or spillage of petroleum products in a situation such as is presented here:
No person shall be liable for the removal of any discharge of petroleum products, debris or hazardous substances which occur as a result of (a) an act of war or (b) an act of God, however this shall not relieve such person from the obligation of mitigating damages to the extent practicable. [N.J.S.A. 58:10-23.10; emphasis supplied]
Acts of third parties or vandals are not included.
Affirmed.