209 N.J. Super. 70 (1986)
506 A.2d 1263
FOLEY MACHINERY COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT AND RESPONDENT,
v.
AMLAND CONTRACTORS, INC., D/B/A AMLAND CONTRACTORS, INC., DEFENDANT, AND THE CAMDEN FIRE INSURANCE ASSOCIATION, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT AND APPELLANT,
v.
ALPINE WRECKING CORPORATION, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1986.
Decided March 12, 1986.
*72 Before Judges MICHELS, GAULKIN and DEIGHAN.
Roger A. Lowenstein argued the cause for Foley Machinery Company (Lowenstein, Sandler, Brochin, Kohl, Fisher, Boylan & Meanor, attorneys; Roger A. Lowenstein and Robert D. Chesler, on the brief).
Anthony P. Pasquarelli argued the cause for The Camden Fire Insurance Association (Methfessel & Werbel, attorneys; Richard Grodeck, on the brief).
Jeffrey L. Reiner argued the cause for Alpine Wrecking Corporation (Meyner and Landis, attorneys; Harber & Freesman, of counsel).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiff Foley Machinery Company (Foley) sued (1) to recover from defendant Amland Contractors, Inc. (Amland) the balance due on the purchase price of a track loader which Foley had sold to Amland, (2) to recover, as a secured party loss payee under a insurance policy issued to Amland by defendant The Camden Fire Insurance Association (Camden), for its loss arising out of the theft of the track loader and (3) to recover damages against third-party defendant Alpine Wrecking Corporation (Alpine) for conversion of the track loader. Camden, as subrogee of Foley, asserted its own claim against Alpine. Judgment was entered in favor of Foley against Amland in the sum of $60,881.84 together with interest and against Camden in the sum of $41,829; Foley's demand for prejudgment interest *73 against Camden was denied. The claims of both Foley and Camden against Alpine were dismissed with prejudice. Foley and Camden now appeal.

I.
Both Foley and Camden challenge the dismissal of their claims against Alpine. It is undisputed that Alpine came into possession of the track loader on or about July 21, 1981, when it purported to purchase the equipment from one John Mnieczniaowski, who concededly had no title. It is also undisputed that the machine had been stolen from Amland on July 18, 1981. Since Alpine was not a buyer in the ordinary course of business (N.J.S.A. 12A:9-306, 307) and did not purchase the equipment from a dealer (N.J.S.A. 12A:2-403), Foley's security interest in the equipment remained paramount. Cf. O'Keefe v. Snyder, 83 N.J. 478, 488 (1980). Foley and Camden thus had made a prima facie case of conversion against Alpine, even if it be assumed that Alpine acted in good faith and in ignorance of the rights of both Foley and Amland. Chemical Bank v. Miller Yacht Sales, 173 N.J. Super. 90, 99-100 (1980). Foley, as a secured party with a right to possession, and Camden as subrogee, were proper plaintiffs to assert the conversion claim. Id., 100.
The trial judge, however, held that the claims against Alpine were barred by Foley's "contributory negligence." That holding was based upon the proofs of the contacts between Foley and Alpine before and after Alpine acquired the equipment. Alpine had been informed by a business associate that the associate's head mechanic wanted to sell a track loader. Alpine instructed one of its mechanics, Edward Bernard, to inspect the machine and to contact Foley, whose decal was affixed to the machine. The purported seller had told Bernard and Robert Suval, Alpine's president, that he had acquired the equipment in payment of a debt. Bernard took the serial number of the equipment to Foley's offices where he inquired of the area sales representative, one Nodes, "if this machine was legitimate, if it *74 was all right to buy." Nodes consulted a loose leaf book, looked up the serial number and gave Bernard the name of the company that owned the machine. Bernard testified that he "didn't really pay any attention to the name" which Nodes gave because Nodes said he "had a record of it and it was all right." Bernard was "really not sure" whether Nodes mentioned the name Amland and did not recollect any mention of the name Mnieczniaowski.
Bernard reported the results of his investigation to his superiors and told them that "it looked like a decent machine" for the $28,000 price. Alpine thereupon made the purchase on July 21, 1981. Suval testified that he did not request evidence of ownership from the purported seller[1] but relied instead upon a bill of sale because "this mechanic had a responsible job and a responsible position."
Foley did not learn of the machine's theft until July 28, 1981, at which time it informed the manufacturer, the FBI and Camden. Thereafter, at the request of Alpine, Foley made repairs to the machine, noting the serial number on the job orders. In addition, on about 14 occasions Alpine ordered parts from Foley, each time indicating the model and serial number of the equipment. Apparently Foley did not recognize that the Alpine machine was the one it had reported stolen. In November 1982, the FBI notified Foley that the machine was in Alpine's possession. Alpine did not relinquish it until October 1983, after a New York court had determined that Foley was entitled to possession.
According to the trial judge, Foley was chargeable with "contributory negligence" because it "did not notify Alpine or review its records, so that it could be discovered that this tractor had been stolen, in which case Foley could have recovered the tractor within three weeks of the date of it being stolen." The judge also found Foley negligent in repairing the *75 vehicle in Alpine's possession while failing to "discover or check its records to determine that this was, in fact, the tractor they were seeking." That negligence, the judge concluded, barred Foley's claim, and that of Camden, against Alpine.[2]
Foley and Camden argue, and Alpine implicitly concedes, that "contributory negligence" as such is not a bar to the conversion claims. Foley's assertedly negligent conduct, however, is germane. As properly framed by Alpine, the question is whether Foley and Camden should be held equitably estopped to assert their conversion claims. Such an estoppel can arise when one through culpable negligence induces another to believe certain facts to exist and such other reasonably relies and acts on such belief. Imposition of an estoppel in that setting is designed to assure that the loss is borne by the party who made the injury possible or could have prevented it. 28 Am.Jur.2d, Estoppel and Waiver, §§ 61, 62 at 683-85; cf. Muir v. Jefferson Credit Corp., 108 N.J. Super. 586 (Law Div. 1970). See also Tumber, Ind. v. Automation Design & Mfg. Corp., 130 N.J. Super. 5 (Law Div. 1974); Shannon v. Snedeker, 192 N.J. Super. 366 (Ch.Div. 1983); Restatement, Torts 2d (1979), § 894. We are satisfied, however, that the facts do not warrant imposing any estoppel in this case.
Equitable estoppel requires proof of "a misrepresentation or concealment of material facts, known to the party allegedly estopped and unknown to the party claiming estoppel, done with the intention or expectation that it will be acted upon by the other party and on which the other party does in fact rely in such a manner as to change his position for the worse." Carlsen v. Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 339 (1979). The reliance must be reasonable and justifiable. New Jersey Bank v. Palladino, 146 N.J. Super. 6, *76 13 (App.Div. 1976), mod. on other grounds, 77 N.J. 33 (1978). The burden of proof is on the party asserting the estoppel. Miller v. Miller, 97 N.J. 154, 163 (1984).
The proofs here are insufficient, first, to establish that Foley misrepresented or concealed any material facts. The record does not indicate that Foley had any knowledge before July 28, 1981 that the machine had been stolen. There is accordingly no proof that Nodes gave Bernard incorrect information or an inaccurate representation of what the Foley records disclosed about the track loader. And there is, of course, no contention that Foley was negligent in not having learned before Alpine's July 21 purchase that the machine had been stolen on July 18.
Second, and more important, it cannot be said that Alpine acted reasonably in basing its purchase upon the information given by Nodes. Nodes clearly informed Bernard that Foley was not the owner of the machine; Alpine should have recognized that Foley's knowledge of the machine was limited and its records might not fully or currently disclose the status of a machine in another's possession. Bernard took no note of the name of the company Nodes identified as the owner. Alpine then proceeded to buy the machine from a person who said nothing more than that he had obtained the machine as payment for a debt; Alpine made no inquiry of the seller as to where he had gotten the machine or the propriety of his having done so. Alpine thus elected not to make the essential inquiries that would have disclosed the paramount interests of Amland and Foley.
In short, Alpine took none of the steps that a purchaser should reasonably have taken to ascertain the provenance of this equipment. Had Alpine acted reasonably, it could have avoided its conversion of Foley's property; the record does not indicate how, if at all, Foley could have done so. Alpine cannot now equitably visit that loss on Foley. Accordingly we are satisfied that the trial judge erred in dismissing the Foley and Camden conversion claims against Alpine.

*77 II.
Camden asserts error in the admission of testimony of Foley's equipment manager Ronald Woods as to the value of the track loader on July 21, 1981. Woods, who had extensive experience in the industry, testified that he had seen the machine in August 1980 and estimated its value then to be "in the mid-sixties"; he valued the equipment at approximately $10,000 when he next saw it upon its return in October 1983; he estimated its value in July 1981 to be "in the upper-fifties." We find no merit to the contention that Woods' testimony was "mere speculation or surmise" because he did not know the condition of the equipment in July 1981. The trial judge had broad discretion to determine whether the expert testimony should be admitted. Fantini v. Alexander, 172 N.J. Super. 105, 109 (App.Div. 1980). It is not disputed that the estimates as of August 1980 and October 1983 were adequately based; and the reasoning upon which Woods reached the July 1981 intermediate value was fully presented to the jury. The fact that Woods had not seen the vehicle in July 1981 went to the weight of his testimony, not its admissibility. Cf. Jones v. Deer Motors, Inc., 5 N.J. Super. 56, 58 (App.Div. 1949). The testimony was properly admitted.

III.
In addition to barring Camden's claims against Alpine because of Foley's "contributory negligence," the trial judge held that Camden did not have "standing" to sue Alpine for conversion because it had not paid Foley's claim under the policy. We find neither reason nor authority for that ruling, which is directly contrary to our firm and longstanding policy to dispose of all aspects of a controversy in a single action. R. 4:27-1(b). See also Cleveland-Cliffs Iron Co. v. First State Ins. Co., 105 Mich. App. 487, 307 N.W.2d 78 (Ct.App. 1981). We hold that Camden had standing to assert its claim as Foley's subrogee notwithstanding that it had not paid Foley's claim.

*78 IV.
Relying on Bayer v. Airlift International, Inc., 111 N.J. Super. 461 (Ch.Div. 1970), Foley urges that it is entitled to recover from Alpine both the value of the track loader as of July 21, 1981 and the profits it thereafter lost while the machine was in Alpine's possession. Although we might accept that a person recovering a judgment for conversion may collect as damages both the value of the property converted at the time and place of the conversion and also "the amount of any further pecuniary loss of which the deprivation has been a legal cause" (Restatement, Torts 2d (1979), § 927(2)(b)), we are satisfied that here there was no such "further pecuniary loss." Foley's recovery of the value of the equipment as of July 21, 1981 together with interest will make Foley whole for its loss: Foley is thus placed in the position it would have been in had it purchased, on the date of the conversion, a replacement machine which would then have been available for rental. We are satisfied that Foley's damages against Alpine for conversion are properly limited to the $47,000 value of the machinery on July 21, 1981, as found by the jury, less the value of the machine as returned to Foley, together with interest from the conversion to the entry of judgment.

V.
Foley further contends that the trial judge erred in failing to award it prejudgment interest and counsel fees against Camden. With respect to prejudgment interest, the trial judge found that R. 4:42-11 "limits such awards to tort claims and not in contract actions." In support of that conclusion, he cited Miller v. N.J. Ins. Underwriting Ass'n., 188 N.J. Super. 175 (App.Div.), certif. den. 94 N.J. 508 (1983). The judge did not have the benefit of the subsequently issued opinion in Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 209 (App.Div. 1985), which properly characterized as an "inadvertent pronouncement" the Miller language upon which the judge here relied. Since here, as in Ellmex, the trial judge understandably *79 but wrongly regarded himself as compelled by Miller to deny prejudgment interest, we think it most appropriate to remand the matter to him for reconsideration in light of Ellmex.
We are satisfied, however, that Foley is not entitled to recover counsel fees against Camden. R. 4:42-9(a)(6); Ellmex, 202 N.J. Super. at 213-14.

VI.
In summary, we reverse those portions of the October 19, 1984 judgment which dismiss the claims of Foley and Camden against Alpine and which deny Foley's application for prejudgment interest against Camden. We remand the matter to the Law Division for the entry of judgment, consistent with this opinion and the jury verdict as to value, in favor of Foley and Camden against Alpine for conversion[3] and for reconsideration of the denial of prejudgment interest against Camden. The judgment is affirmed in all other respects. We do not retain jurisdiction.
NOTES
[1] The machine did not require or have any Division of Motor Vehicles registration or certificate of ownership.
[2] The trial judge did not consider whether Alpine itself was negligent, nor did he make any reference to the Comparative Negligence Law, N.J.S.A. 2A:15-5.1 et seq. Cf. Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150, 160-64 (1979).
[3] The judgment shall make appropriate provision, of course, to assure that no double recovery is obtained by Foley or against Alpine.