217 N.J. Super. 604 (1987)
526 A.2d 731
GUARANTEE INSURANCE COMPANY, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-RESPONDENT,
v.
DAVID SALTMAN, ESQ., NEWMAN, HERMAN, SALTMAN, LEVITT & FEINSON, P.A., DEFENDANTS-APPELLANTS,[1] AND JOHN FREDERICK, ESTHER FAUSTI, GAIL MESZAROS AND ST. PAUL FIRE & MARINE INSURANCE CO., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 18, 1987.
Decided May 21, 1987.
*606 Before KING, DEIGHAN and HAVEY.
Richard M. Altman argued the cause for appellants (Pellettieri, Rabstein & Altman, attorneys; Richard M. Altman, of counsel; E. Elizabeth Sweetser, on the brief).
James F. Carney argued the cause for respondent (Carney & Wilson, attorneys; James F. Carney, of counsel; Michael N. Gordon, on the brief).
The opinion of the court was delivered by DEIGHAN, J.A.D.
Defendants David A. Saltman and Newman, Herman, Saltman, Levitt & Feinson, P.A., the insureds under a professional liability policy issued by plaintiff Guarantee Insurance Company (Guarantee) appeal from an order awarding them partial counsel fees and costs in the sum of $11,248.80 out of a total demand of $30,422.80. The trial judge awarded legal fees and costs relating to defense of the litigation on the claim by John Frederick, Esther Fausti and Gail Meszaros, former clients of defendants. R. 4:42-9(a)(6). On appeal defendants maintain that the counsel fees should be awarded, not only for defense of the negligence action, but also for defense of the present action concerning the coverage issues under the professional liability policy. They argue that the proceedings in the present action were upon a liability or indemnity policy pursuant to R. 4:42-9(a)(6) and that, in any event, pursuant to R. 1:1-2, the Rule governing the allowance of counsel fees should be relaxed so as to permit counsel fees incurred in defending the present action.
Guarantee maintains that the trial court was not compelled to award defendants any counsel fees under the law and facts of this matter; that the claim of Guarantee in this action for damages was in effect an action for deceit for which no counsel fees may be awarded, and that defendants, having executed *607 upon and obtained full satisfaction for the $11,248.80 judgment are estopped from seeking further fees.
In July 1977, defendant St. Paul Fire & Marine Insurance Company (St. Paul) issued a professional liability insurance policy to defendant law firm with annual renewals thereafter. In 1982, while the St. Paul coverage was still in effect, Jay Newman, managing partner of defendant law firm, arranged for coverage through plaintiff Guarantee. After receiving a confirming letter from Guarantee acknowledging coverage of the firm as of May 1, 1982, Newman sent a letter dated May 18, 1982, to the agent of St. Paul requesting cancellation of the St. Paul policy effective May 1, 1982. In a bench trial, Judge Fox found that the St. Paul policy was cancelled effective that date. His finding is supported by substantial credible evidence in the record as a whole. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
On June 7, 1982 defendant Saltman was advised by telephone that a malpractice action was to be filed against him. The complaint, In the Matter of John Frederick, Esther Fausti and Gail Meszaros v. David Saltman, Docket No. L-58227-81, was filed in June 1982 and forwarded to Saltman by letter dated June 23, 1982. Saltman forwarded the summons and complaint to both Guarantee and St. Paul. St. Paul declined coverage because the policy had been cancelled as of May 1, 1982.
By letter dated August 10, 1982, Guarantee agreed to undertake the defense of the case but reserved its right to investigate any misrepresentation by the law firm when it applied for coverage. On September 29, 1983, Whiting National Service, Inc., an investigatory agency ostensibly employed by Guarantee, advised Saltman that it had completed its investigation and concluded that Saltman did not have prior knowledge of the malpractice claim.
Although Guarantee continued to defend the action against defendants, in February 1984, it again disclaimed coverage on the ground of newly discovered evidence. On March 23, 1984, *608 Guarantee filed a complaint in the present matter alleging that defendants fraudulently misrepresented and intentionally withheld information concerning the claim against them by Frederick, Fausti and Meszaros. Guarantee sought a judgment rescinding the insurance policy; determining that the parties "be returned to the status quo prior to the application"; directing that defendants take over and assume the defense of the action against them; adjudging that the policy of insurance be reformed to except the claim from coverage, and directing that defendant Saltman reimburse plaintiff "for any and all costs and expenses incurred by plaintiff in the defense of the pending [malpractice] civil action." Alternatively, Guarantee sought judgment declaring St. Paul to be a primary co-insurer of the defendants and adjudging St. Paul to be responsible for 50% of all costs and expenses, including any judgments rendered in favor of defendants Frederick, Fausti and Meszaros. Defendant attorneys filed a counterclaim to determine that Guarantee insured them for the claims of Frederick, Fausti and Meszaros; that Guarantee owed them an obligation to defend the action against them, and for reimbursement for legal fees incurred in the defense not only of the underlying malpractice action but also the present action by Guarantee denying coverage.
On August 14, 1984, Judge Long, citing Merchants Indem. Corp. v. Eggleston, 37 N.J. 114 (1962), granted defendants a partial summary judgment determining that Guarantee had waived any right to rescind its insurance policy. An order was entered declaring that Guarantee's policy was in effect and fully afforded defendants their rights thereunder and requiring Guarantee to defend and indemnify defendants for liability incurred in the underlying malpractice action. The issue of whether defendants had perpetrated a fraud was scheduled for trial and, since the issue concerning defendant's alleged fraud had not yet been determined, Judge Long held that defendants' request for counsel fees was premature.
On September 18, 1984, the underlying malpractice action was settled by Guarantee for a total sum of $87,500. Nevertheless, *609 the present action and defendants' counterclaim for a declaratory judgment concerning coverage proceeded to trial. After a bench trial on various dates, on October 2, 1985, Judge Fox rendered an oral opinion and a subsequent judgment was entered dismissing Guarantee's complaint.
Subsequently, defendants moved, with a supporting affidavit of services and time sheets totalling $30,422.80, for counsel fees and costs. On January 31, 1986, Judge Fox entered an order awarding defendants counsel fees and costs for $11,248.80 as fees and costs up to June 1984, for defense of the underlying malpractice action. The balance of the counsel fees and costs incurred by defendants in defending the present action and asserting a counterclaim were disallowed.
Initially, we reject Guarantee's contention that defendants, having executed upon and obtained satisfaction of the judgment in the amount of $11,248.80 is estopped from pursuing this appeal. The "acceptance of the sum found by the trial court to be due, and [the] delivery of a warrant for satisfaction while [defendants] at all times continued to assert that an additional sum was due, was in no wise inconsistent and furnished no real basis for an estoppel." Adolph Gottscho, Inc. v. American Marking Corp., 26 N.J. 229, 242 (1958). A party may accept the sum to which he is in any event entitled and still pursue a request for a determination on appeal which would increase that sum. Ibid.

I.
In the United States, under the American Rule, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys fee from the loser. Alyeska Pipeline Serv. v. Wilderness Soc., 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141, 147 (1975). This general rule is based upon the proposition that "sound judicial administration will be best advanced, if litigants bear their own counsel fees." Right to Choose v. Byrne, 91 N.J. 287, 316 (1982). An exception to the general rule is where counsel fees are permitted by court rule *610 or statute, Hall v. Cole, 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973), pursuant to a contract, ibid; see Bergen Builders, Inc. v. Horizon Developers, Inc., 44 N.J. 435 (1965); Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442 (1965), or where counsel fees are a traditional element of damages in a particular cause of action. See Donavan v. Bachstadt, 91 N.J. 434, 448 (1982) (element of damages on breach of real estate agreement); The Penwag Property Co., Inc. v. Landau, 76 N.J. 595, 598 (1978) (counsel fees and costs are an element of damages in defense of malicious prosecution); Dorofee v. Pennsauken Tp. Planning Bd., 187 N.J. Super. 141 (App.Div. 1982) (counsel fees awarded to Planning Board for fraud by applicant). In addition, an insurer which has defaulted on its obligation to defend an insured is obligated for reasonable counsel fees incurred by the insured in defending the action. Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966) (claimant's judgment found to be within coverage of the policy). See Burd v. Sussex Mutual Insurance Company, 56 N.J. 383 (1970); Avemco Ins. Co. v. United States Fire Insurance Co., 212 N.J. Super. 38 (App.Div. 1986) (no reference to R. 4:42-9(a)(6)).
In 1971 the Supreme Court amended R. 4:42-9(a)(6) to provide that no fee for services shall be allowed in the taxed costs or otherwise except:
(6) In an action upon a liability or indemnity policy of insurance, in favor of a successful claimant.
The Rule was promulgated both to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured, in fact, is entitled to such protection. Kistler v. N.J. Mfts. Ins. Co., 172 N.J. Super. 324, 328-330 (App.Div. 1980); Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App.Div. 1971), certif. den. 60 N.J. 141 (1972).
Since the intention of the Rule is to permit an award of counsel fees only where an insurer refuses to indemnify or *611 defend its insured's third-party liability to another, generally, it is not extended to permit counsel fees to its insured on a direct suit against the insurer to enforce a casualty or other first-party direct coverage. See Vesley v. Cambridge Mut. Ins. Co., 189 N.J. Super. 521 (App.Div. 1981) (suit for fire casualty loss under a homeowner's policy  no counsel fees), affirmed by an equally divided Court 93 N.J. 323 (1983). See also Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195 (App.Div. 1985) (action on a builder's risk policy for loss incurred by vandalism  no counsel fees); Childs v. N.J. Manufacturers Ins. Co., 199 N.J. Super. 441 (App.Div. 1985) (suit for uninsured motorist coverage  direct action  no counsel fees); Meier v. New Jersey Life Ins. Co., 195 N.J. Super. 478, 489 (App.Div. 1984) (direct action on a life insurance policy by the owner and beneficiary  no counsel fees); Miller v. N.J. Ins. Underwriting Ass'n, 188 N.J. Super. 175, 194, certif. den. 94 N.J. 508 (1983) (direct action upon a fire insurance policy  no counsel fees); Kistler v. N.J. Mfts. Ins. Co., supra (action on an automobile liability policy for collision coverage  no counsel fees); see Foley Machinery Co. v. Amland Contractors, Inc., 209 N.J. Super. 70 (App.Div. 1986) (suit on theft of machinery); Great Southwest Fire Ins. Co. v. Gonzales, 201 N.J. Super. 361 (App. Div. 1985) (suit for theft of front end motor); Enright v. Lubow, 202 N.J. Super. 58 (App.Div. 1985) (suit on title insurance policy); Regino v. Aetna Cas. & Sur. Co., 200 N.J. Super. 94 (App.Div. 1985) (suit for theft of front end motor)
On the other hand, counsel fees in a direct claim have been allowed in personal injury protection benefit actions where the insured-claimant is successful. See Maros v. Transamerica Ins. Co., 76 N.J. 572, 579 (1978); Cirelli v. The Ohio Casualty Ins. Co., 72 N.J. 380, 384-385 (1977). It has been noted that this line of cases for coverage under "no fault" insurance can only be regarded as products of "different considerations of public policy." Kistler v. N.J. Mfts. Ins. Co., 172 N.J. Super. at 331; Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. *612 at 214. See also Miller v. N.J. Ins. Underwriting Ass'n, 188 N.J. Super. at 194, holding that Maros is "sui juris."[2]
Prior to the adoption of R. 4:42-9(a)(6) by the Supreme Court, counsel fees for defense of an action had been awarded where the insurer breached its contractual obligation to defend. Gerhardt v. Continental Ins. Cos., supra; Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 572 (1970). But the question of whether attorneys fees and expenses in connection with a third party complaint to determine coverage were permitted was an open question. Id. at n. 1. Generally, attorneys fees incurred by an insured in declaratory judgment actions to determine existence of coverage under a liability policy where the insurer has denied coverage have been awarded pursuant to statute or court rule. Annotation, "Insured's right to recover attorneys' fees incurred in declaratory judgment action to determine existence of coverage under liability policy," 87 A.L.R.3d, 429, 475 (1978). But such an allowance of fees are subject to the court's discretion. Id. at 481.
Under R. 4:42-9(a)(6), in addition to expenses incurred to defend a third party action, attorneys fees incurred by an insured in a declaratory judgment action to determine the existence of coverage of liability to third parties have also been awarded. See Tooker v. Hartford & Indemnity Co. 136 N.J. Super. 572 (App.Div. 1975) (counsel fee allowed, in addition to fees and expenses incurred in defending the underlying action, where secondary insurer had successfully prosecuted coverage *613 action against the primary insurer who had wrongfully refused to defend its insured); Lansco, Inc. v. Dept. of Environmental Protection, 138 N.J. Super. 275, 287 (Ch.Div. 1975), aff'd 145 N.J. Super. 433 (App.Div. 1976) (attorneys fees incurred by insured in filing declaratory judgment action to establish coverage under comprehensive general liability policy insuring for costs in cleaning up oil spillage); Avemco Ins. Co. v. United States Fire Ins. Co., 212 N.J. Super. at 41-42 (plaintiff and its insured granted counsel fees in declaratory judgment action to determine coverage of the insured in a liability claim arising out of an airplane crash  no reference to R. 4:42-9(a)(6)); New Jersey Manu. Ins. Co. v. Consolidated, 124 N.J. Super. 598 (Law Div. 1973) (insured entitled to fees on insurer's declaratory judgment action which determined it had obligation to defend a negligence claim against insured).
Here, on March 23, 1984, while defending the malpractice action against defendant attorneys, Guarantee instituted the present action not only to rescind the policy under which it was defending but also for reformation and for "restoration" to the status quo. Further, Guarantee sought indemnification for its costs and expenses as well as reimbursement for monies paid in settlement of the malpractice action by Frederick, Fausti and Meszaros. Guarantee also sought to declare that the St. Paul policy was not effectively cancelled.
We are satisfied, in view of the fact that Guarantee disclaimed liability, the present proceeding is "an action upon a liability or indemnity policy of insurance." In our view, under the foregoing principles, Guarantee is responsible, not only for attorneys fees initially incurred by defendants' attorneys in the malpractice action instituted against them, but also for attorneys fees incurred as the result of the present litigation instituted by Guarantee to disclaim coverage under its policy and to impose liability upon St. Paul.
Undoubtedly, the trial judge, in denying fees to defendant attorneys in defense of the present action, relied upon the line of cases which prohibit counsel fees in first party actions by the *614 insureds for direct losses against the insurance carrier. Under the cases previously discussed, attorneys fees incurred in defending the underlying third party malpractice action, and also the attorneys fees incurred in defending the action instituted by the insurer are allowable under R. 4:42-9(a)(6). The allowance of counsel fees in a proper case reposes in the trial judge's discretion as to when and under what circumstances an allowance would be proper. Felicetta, 117 N.J. Super. at 528; accord Kistler v. N.J. Mfts. Ins. Co., 172 N.J.Super at 329.
The allowance of counsel fees in the amount of $11,248.80 to defendant attorneys for defense of the underlying action against them is affirmed; the disallowance of counsel fees in defense of the present action for disclaimer by Guarantee is reversed. The matter is remanded to the trial court for a determination whether attorney fees may be awarded to defendants attorneys and if so, the amount of fees to be awarded.
NOTES
[1] This appeal has been calendared back to back with A-1242-85T1 and arises out of the same Law Division action. On this appeal defendants David Saltman, Esq., Newman, Herman, Saltman, Levitt & Feinson, P.A., the insureds under a professional liability policy issued by plaintiff Guarantee Insurance Company, appeal from an order awarding them partial counsel fees and costs in the amount of $11,248.80 out of a total demand of $30,422.80. A separate unpublished opinion has been filed in A-1242-85T1.
[2] The Supreme Court, mindful of the divergence of decisional law on the award of counsel fees in first party claims against insurance companies, appointed a Committee on Counsel Fee Awards on Insurance Claims to evaluate the problem. The Committee, in its report published in the New Jersey Law Journal, January 9, 1986 at 1, recommended not to extend R. 4:42-9(a)(6) to permit an insured to recover counsel fees in successful litigation against insurance carriers on first party claims on insurance policies. N.J.L.J., supra at 8. The Supreme Court, in accordance with the recommendation of the Committee, has not amended the Rule to explicitly permit counsel fees in first party claims on liability and indemnity policies. Enright v. Lubow, 215 N.J. Super. 306 (App.Div. 1987).