251 N.J. Super. 148 (1991)
597 A.2d 561
NARNI R. GIRI, M.D. AND NARNI R. GIRI, M.D., P.A., PLAINTIFFS-APPELLANTS,
v.
MEDICAL INTER-INSURANCE EXCHANGE OF NEW JERSEY AND NEW JERSEY STATE MEDICAL UNDERWRITERS, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 12, 1991.
Decided October 10, 1991.
*149 Before Judges PRESSLER, SKILLMAN and D'ANNUNZIO.
Igor Sturm, attorney for appellant (William C. MacMillan, on the brief).
*150 Norris, McLaughlin & Marcus, attorneys for respondents (Kevin R. Jespersen, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
The issue presented by this appeal is whether a suit challenging the nonrenewal of an insurance policy on the ground that the insurer failed to comply with regulations of the Department of Insurance is "an action upon a liability or indemnity policy of insurance" within the intent of R. 4:42-9(a)(6), thus entitling a prevailing insured to obtain reimbursement of counsel fees from the insurer.
Plaintiff, a physician, was insured for medical malpractice by defendant Medical Inter-Insurance Exchange of New Jersey (the Exchange). Based on its High Risk Evaluation Program, the Exchange notified plaintiff that his policy would not be renewed. Plaintiff brought suit against the Exchange alleging among other things that the High Risk Evaluation Program did not comply with a regulation of the Department of Insurance which provides that:
Any underwriting guideline or standard premised on adverse loss experience shall be limited in application to nonrenewals only and shall specifically identify the type of loss experience which supports and justifies the nonrenewal action. [N.J.A.C. 11:1-20.4(e)].[1]
The trial court concluded that the High Risk Evaluation Program did not "`specifically identify the type of loss experience justifying nonrenewal' so as to notify an insured of the reasons for which he may be nonrenewed in order that he may avoid nonrenewal." Accordingly, the court entered an order declaring that the High Risk Evaluation Program "does not comply with either N.J.S.A. 17:22-6.14al or N.J.A.C. 11:1-20.4(e)" and that it "may not be applied to plaintiff to nonrenew the medical-liability insurance presently in force" with the *151 Exchange. We granted the Exchange's motion for leave to appeal and affirmed substantially for the reasons expressed in the trial court's opinion.
After plaintiff's other claims were resolved, he applied for an award of counsel fees. The trial court denied the application on the ground that plaintiff's challenge to the Exchange's nonrenewal of his policy was not the kind of claim for which R. 4:42-9(a)(6) authorizes an award of counsel fees. We affirm.
R. 4:42-9(a) prohibits the award of counsel fees except in specified categories of litigation, one of which is "an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." R. 4:42-9(a)(6). This exception to the general prohibition against awards of counsel fees was adopted to discourage groundless disclaimers of coverage and to provide the full benefits of the insurance contract to the insured by shifting to the insurer any obligation for counsel fees incurred in obtaining a judicial declaration of coverage. Kistler v. New Jersey Manufacturers Ins. Co., 172 N.J. Super. 324, 328-30, 411 A.2d 1175 (App.Div. 1980). But this exception only applies when "an insurer refuses to indemnify or defend its insured's third-party liability to another" and does not authorize an award of counsel fees to an insured "on a direct suit against the insurer to enforce a casualty or other first-party direct coverage." Guarantee Ins. Co. v. Saltman, 217 N.J. Super. 604, 610-11, 526 A.2d 731 (App.Div. 1987); see Vesley v. Cambridge Mutual Fire Ins. Co., 93 N.J. 323, 460 A.2d 1057 (1983). The Supreme Court has twice rejected recommendations by the Civil Practice Committee to amend R. 4:42-9(a)(6) to allow awards of counsel fees in a broader range of suits brought by insureds against insurers.[2] The Court's rejection of these *152 proposals to broaden R. 4:42-9(a)(6) suggests that the rule should not be construed expansively to apply to disputes between insurers and insured which fall beyond its literal terms.
Although plaintiff's suit challenging the nonrenewal of his medical malpractice policy certainly involved a liability policy of insurance, it cannot reasonably be said to have been an action "upon" a policy of insurance. Plaintiff's suit did not challenge a disclaimer of coverage under an existing policy but rather the validity of a insurer's refusal to renew. Furthermore, plaintiff's suit was not based on a provision of his policy dealing with renewals but rather on a regulation of the Department of Insurance governing the underwriting practices of insurance companies. A suit contending that an insurance company has failed to comply with the statutes or regulations governing its operations is significantly different from a suit contending that an insurance company has failed to honor its policy obligations. Therefore, we conclude that the authorization provided by R. 4:42-9(a)(6) for awards of counsel fees in actions "upon" liability policies of insurance does not extend to a successful claim that an insurer has violated regulations of the Department of Insurance in refusing to renew a policy.
Affirmed.
NOTES
[1] In In re N.J.A.C. 11:1-20, 208 N.J. Super. 182, 505 A.2d 177 (App.Div. 1986), we upheld the validity of a prior version of this regulation.
[2] In 1983 the Committee recommended that R. 4:42-9(a)(6) be expanded to authorize awards of counsel fees in any successful action upon a policy of insurance. 111 N.J.L.J. 670 (June 16, 1983). However, another Supreme Court committee established to study awards of counsel fees in insurance litigation subsequently recommended that R. 4:42-9(a)(6) not be expanded. Report of the Supreme Court Committee on the Award of Counsel Fees on Insurance Claims, 117 N.J.L.J. 33 (January 9, 1986). The Supreme Court followed this recommendation and did not amend R. 4:42-9(a)(6). No Expansion of Counsel Fees in First-Party Claims, Court Says, 117 N.J.L.J. 783 (June 12, 1986). In 1990, the Civil Practice Committee recommended that R. 4:42-9(a)(6) be amended to authorize counsel fees in any action "upon a policy of insurance brought against the insurer," where the insured prevails. 125 N.J.L.J. 422 (February 15, 1990). Again, the Supreme Court declined to adopt the proposed amendment. 126 N.J.L.J. 422 (July 19, 1990 supplement).