**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3760-21

LINDA B. BREHME,

      Plaintiff-Appellant,

v.

THOMAS IRWIN,

      Defendant-Respondent,

and

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

      Defendant.

_____

Submitted December 12, 2023 – Decided December 27, 2023

Before Judges Whipple, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7134-18.

Clark Law Firm, PC, attorneys for appellant (Gerald Hayes Clark and Lazaro Berenguer, of counsel and on the briefs).

Foster & Mazzie, LLC, attorneys for respondent (Carl A. Mazzie, of counsel and on the brief).

PER CURIAM

Plaintiff Linda D. Brehme appeals from a June 27, 2022 in limine ruling by the trial judge barring her claim for future medical expenses. Because plaintiff filed a warrant to satisfy judgment under Rule 4:48-1, we dismiss the appeal as moot.

We limit our recitation of the facts relevant to the issue raised on appeal. Plaintiff sued defendants for personal injuries resulting from an automobile accident that occurred in December 2016.

After completion of discovery, the matter proceeded to trial. On the first day of trial, the judge entertained an in limine motion by defendant to bar plaintiff's claim for future medical expenses. Because the judge determined plaintiff's personal injury protection (PIP) coverage under her own automobile insurance policy was not exhausted, the judge barred as speculative any claim by plaintiff for future medical expenses.

The matter was tried before a jury over five days. At the conclusion of the testimony, the jury found plaintiff sustained a permanent injury as a result of the December 2016 car accident. The jury awarded plaintiff the sum of $225,000 for pain and suffering and $50,000 for lost wages. After calculating

interest and costs, the judge entered a July 7, 2022 judgment in favor of plaintiff in the amount of $311,435.59. On July 18, 2022, plaintiff's counsel signed a warrant to satisfy judgment. Nothing in that document indicated plaintiff's intent to appeal the judge's in limine ruling denying her claim for future medical expenses. On August 8, 2022, the signed warrant to satisfy judgment was entered on the trial court's docket. Plaintiff filed her notice of appeal on August 12, 2022.

On appeal, plaintiff argues the judge erred in denying her claim for future medical expenses. She seeks a new trial limited to this issue. Plaintiff further asserts she is not precluded from proceeding with her appeal, notwithstanding the warrant to satisfy judgment. We disagree.

It is well settled that "a litigant who voluntarily accepts the benefits of a judgment is estopped from attacking it on appeal." Tassie v. Tassie, 140 N.J. Super. 517, 524 (App. Div. 1976). This rule "is but a corollary to the established principle that any act upon the part of a litigant by which he expressly or impliedly recognizes the validity of a judgment operates as a waiver or surrender of his right to appeal therefrom." Id. at 525.

In Tassie, the plaintiff was estopped from attacking parts of a divorce judgment, addressing child support, alimony, and equitable distribution, because

3

the plaintiff "knowingly and voluntarily accepted all of the benefits of the judgment without reserving her right to appeal by accepting them under protest." Id. at 523, 525. The court further explained "it is inequitable and unjust to permit [a] plaintiff to accept the benefits and attack the judgment on appeal." Id. at 526.

Here, defendant elected not to appeal the July 7, 2022 judgment and agreed to pay the full amount to plaintiff in return for a warrant of satisfaction under Rule 4:48-1. As we noted in Sturdivant v. General Brass & Machine Corp., 115 N.J. Super. 224, 227 (App. Div. 1971), where a party receives and accepts the judgment amount and the adverse party then files a warrant for satisfaction, such conduct expressly acknowledges the validity of the judgment and operates as a waiver of the right to appeal therefrom. See also Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:48-1 (2023).

Plaintiff's reliance on Guarantee Insurance Co. v. Saltman, 217 N.J. Super. 604 (App. Div. 1987), and Adolph Gottscho, Inc. v. American Marking Corp., 26 N.J. 229 (1958), is misplaced. The issue in Guarantee Insurance Co. involved a request for attorney's fees associated with two separate actions—a declaratory judgment action for insurance coverage and a simultaneously pending legal malpractice action. Id. at 606. The legal malpractice action settled with the

insurance company paying the settlement amount and issuing a warrant to satisfy judgment. Id. at 608. However, because the defendants maintained at all times their intent to pursue a claim for attorney's fees associated with the legal malpractice action as well as the insurance coverage action, the court held the defendants were not estopped from proceeding with an appeal related to the recovery of attorney's fees in the insurance coverage action. Id. at 609.

The facts in Aldolph Gottscho, Inc. are also distinguishable from the facts in the instant matter. In that case, the defendant filed a notice of appeal on April 9, 1957, and the plaintiff filed a notice of cross-appeal on April 19, 1957. 26 N.J. at 241. However, the defendant paid the amount due on the judgment and received the warrant of satisfaction on May 16, 1957, well after the parties filed the notices of appeal and cross-appeal. Id. at 241-42. Thus, in Aldolph Gottscho, Inc., the defendants knew of the plaintiff's intent to appeal prior to paying the judgment amount based on the plaintiff's clear assertion "at all times . . . that an additional sum was due." Id. at 242.

Here, plaintiff never advanced, either on the record or in writing, that she intended to pursue her claim for future medical expenses after the judge's in limine ruling. Plaintiff accepted and received the full judgment amount from defendant New Jersey Manufacturers Insurance Company and signed a warrant

5

to satisfy judgment. Under these circumstances, plaintiff's receipt and acceptance of the full amount stated in the July 7, 2022 judgment precluded her appeal challenging the trial judge's denial of future medical expenses.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3760-21