**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0277-24

MCM GROUP, LLC,

     Plaintiff-Respondent,

v.

HYACINTH PALMER, his/her
heirs, devisees, and personal
representative, and his, her,
their or any of their successors
in right, title and interest,

     Defendant-Appellant,

and

AUGUSTUS PALMER, his/her
heirs, devisees, and personal
representative, and his, her,
their or any of their successors
in right, title and interest,
HACKENSACK UNIVERSITY
MED CTR, BAXTER FINANCIAL,
LLC, METRO PUBLIC
ADJUSTMENT, INC., and
CAPITAL ONE BANK USA NA,

     Defendants.

_____

Submitted November 18, 2025 – Decided December 23, 2025

Before Judges DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-012845-22.

Pottinger & Associates, LLC, attorney for appellant (O. Glen Pottinger, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant Hyacinth Palmer appeals from two Chancery Division orders: (1) the May 24, 2024 order granting plaintiff MCM Group, LLC's (MCM) motion for summary judgment, denying defendant's cross-motion for summary judgment, and entering default against defendant on plaintiff's residential foreclosure claims, severing defendant's claims under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e to § 1692f, and transferring those claims to the Law Division for adjudication; and (2) the July 3, 2024 order denying defendant's motion for reconsideration of the May 24, 2024 order and leave to file an amended answer. We affirm.

A-0277-24

I.

On March 16, 2007, defendant executed a promissory note to National City Bank (National) for $52,750. To secure the note, defendant and her spouse, defendant Augustus Palmer, executed a mortgage encumbering real property in Irvington. The mortgage was recorded with the Essex County Clerk on April 10, 2007.

Defendant defaulted on the note when she failed to make the payment due on September 16, 2008, and every payment due thereafter.

Beginning in 2009, the note and mortgage were assigned several times. Ultimately, in 2022, the note and mortgage were assigned to MCM.

On November 29, 2022, MCM filed a foreclosure complaint in the Chancery Division. MCM alleged the unpaid principal and interest due on the note and mortgage was $119,309.08. A final judgment of foreclosure was entered on February 10, 2023. The court vacated the judgment on July 18, 2023, and permitted defendant to file a contesting answer and counterclaims, including claims for monetary damages under the CFA and FDCPA.

Plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment. While defendant admitted she did not make a payment on the note after August 2008, she argued National "charged

A-0277-24

off" the note and mortgage in its records in December 2008. Defendant alleged she subsequently received a federal form "1099-C cancelation of indebtedness." Defendant did not produce evidence she reported canceled debt from the note and mortgage as income on her 2008 tax returns.

According to defendant, after the "charge off" she did not receive any correspondence regarding the mortgage, including any request for payment, until she received a notice of intent to foreclose from MCM in September 2022. In addition, defendant alleged the United States Department of Justice sued National for predatory lending practices, including charging low-income Hispanic and African American borrowers higher interest rates based on race. She alleged she was in the category of those targeted for discrimination by National. Defendant argued, given National's practices and the absence of any request for payment for approximately fourteen years, the court should discharge her debt. Alternatively, defendant argued in the event MCM prevailed on its foreclosure claims, under the doctrine of laches, the court should not award MCM interest for the years after the note and mortgage were "charged off" by National.

Plaintiff opposed defendant's cross-motion. It argued the "charge off" of the note and mortgage was an accounting designation, which indicated only the note and mortgage were not in active collections and not considered assets for

A-0277-24

the capital requirements established in banking regulations. According to plaintiff, the "charge off" did not alter the terms of the note or mortgage or extinguish defendant's debt.

Plaintiff also argued defendant's obligations under the note and mortgage, including her obligation to pay interest, were not predicated on plaintiff or its predecessors' requesting payments on a periodic basis. With respect to defendant's laches argument, plaintiff argued the six-year statute of limitations began when the note matured on March 15, 2022. The foreclosure complaint was filed on November 29, 2022, within the limitations period, rendering laches inapplicable. Finally, plaintiff argued defendant produced no evidence the note and mortgage were invalid because of National's lending practices.

On May 24, 2024, the court issued an oral decision granting plaintiff summary judgment and entering default against defendant on the foreclosure claims. The court found it was uncontested the note and mortgage were issued, defendant defaulted on the note in September 2008, and the loan remained in default. In addition, the court found MCM, as the holder of the mortgage, had a right to seek foreclosure.

The court rejected defendant's argument plaintiff was precluded from foreclosing on the mortgage under the doctrine of laches. The court concluded

the statute of limitations for a residential mortgage foreclosure action on a mortgage issued in 2007 was set forth in N.J.S.A. 2A:50-56.1, as it existed prior to the effective date of a 2019 amendment to the statute. The pre-amendment version of N.J.S.A. 2A:50-56.1 provided a limitations period of the earlier of six years from the date fixed for making the last payment or maturity date, thirty-six years from the date of recording the mortgage, or twenty years from the date of an uncured debtor default. The court found the earliest of these dates was March 15, 2028, six years from the date the mortgage loan matured. Because the complaint was filed within the limitations period, the court concluded laches did not apply.

The court determined the designation of the note and mortgage as "charged off" in National's records did not relieve defendant of her debt. The court found the "charge off" to be an accounting technique that did not invalidate the debt and the federal 1099-C form "simply confirmed that the defendant had made no payments on the mortgage and confirmed the borrowers had default[ed]."[1]

Finally, the court found defendant's claims regarding National's lending practices were incorporated in her counterclaims under the FDCPA. Concluding

---

[1] The court referred to the document as a "1098 form." The record established the form received by defendant was a 1099-C.

A-0277-24

those claims, which sought damages, were not germane to the foreclosure action, the court severed defendant's counterclaims from the foreclosure complaint, and transferred them to the Law Division for resolution. Because defendant did not raise a valid defense to the foreclosure claims, the court entered default against her on those claims.

The court determined defendant's claim plaintiff was not entitled to interest for the years during which the lender failed to actively seek payment on the note and mortgage would be decided when the amount due was determined for the final judgment of foreclosure. The court transferred the foreclosure complaint to the Office of Foreclosure as an uncontested matter. A May 24, 2024 order memorialized the court's decision.[2]

Defendant moved pursuant to Rule 4:42-2 for reconsideration of the May 24, 2024 order, and for leave to file an amended answer alleging claims under the New Jersey Home Ownership Security Act of 2002 (HOSA), N.J.S.A. 46:10B-22 to -35. Defendant supported her motion with what she described as newly discovered loan closing documents indicating the loan was predatory and violated HOSA. According to defendant, the loan was high cost with a hidden

---

[2] The order also transferred defendant's CFA claims to the Law Division for adjudication. The court did not address those claims in its oral decision.

balloon payment, charged and financed excessive points and fees, issued based on the equity in the property with no regard to her income or ability to pay, misrepresented the terms and conditions to the borrower, targeted low-income and minority borrowers, and involved predatory, unfair, and abusive lending practices.

On July 3, 2024, the court issued an oral decision denying defendant's motion. The court found the documents on which defendant relied in support of her motion were unsigned, not authenticated, and produced after the close of discovery. The court reasoned defendant could have requested signed and authenticated copies of the closing documents from plaintiff or its predecessors during discovery, but failed to serve any discovery requests. Thus, the court found the documents were not newly discovered and did not establish the note and mortgage were invalid. In addition, the court found defendant could pursue her HOSA claims in the Law Division action in which her CFA and FDCPA claims were pending. The court, therefore, found no basis to reconsider its May 24, 2024 order. A July 3, 2024 order memorialized the court's decision.

A-0277-24

On August 16, 2024, the court entered a final judgment of foreclosure. The final judgment included interest accrued after National "charged off" the note and mortgage in its records. This appeal followed.[3]

Defendant argues the motion court erred when it: (1) granted summary judgment to plaintiff because genuine issues of material facts existed with respect to whether plaintiff was entitled to interest for the period after the loan and mortgage were "charged off" in National's records; (2) concluded plaintiff's claims were not barred by the doctrine of laches and equitable estoppel; and (3) denied her motion for reconsideration because the newly discovered closing documents raised genuine issues of material facts with respect to whether National engaged in predatory lending in violation of HOSA when it issued the note and mortgage.[4]

II.

---

[3] Although defendant's counsel filed a brief on behalf of defendant and Augustus Palmer, only defendant is listed in the notice of appeal and case information statement. We therefore consider defendant the only appellant.

[4] On October 3, 2024, the motion court issued an oral decision denying defendant's application for a stay of the Sheriff's sale of the subject property. On January 30, 2025, we also denied defendant's motion for a stay. We have not been advised whether the property was sold.

9

We review a grant of summary judgment de novo, applying the same standard as the motion court.  Samolyk v. Berthe, 251 N.J. 73, 78 (2022).  That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'"  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).  "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  We do not defer to the motion court's legal analysis or statutory interpretation.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact.  Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015).  "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'"  Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415,

426 (App. Div. 2009). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995).

Defenses to a foreclosure are narrow. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to" foreclose on the property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994).

It is undisputed defendant borrowed money from National, her debt was memorialized in the note, the note was secured by the mortgage on defendant's property, and plaintiff is in possession of the note and mortgage. In addition, defendant does not dispute she stopped making payments on the note and mortgage in September 2008 and has not made a payment on her debt in more than seventeen years.

Similar to the motion court, we conclude defendant's argument the "charge off" designation in National's records reflected cancellation of the note and mortgage is unavailing. There is no evidence in the motion record plaintiff canceled defendant's debt. While National "charged off" the note and mortgage, the designation is an accounting technique that does not cancel the debt. A

11

"charge-off" designation declares a debt uncollectible and relieves the lender from including the debt when determining its capital requirements under federal banking regulations. New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 312 (App. Div. 2014) (citing Federal Trade Commission, The Structure and Practices of the Debt Buying Industry 13 n. 58 (2013), available at http://ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.) The debt, however, is not discharged by the designation and the lender may continue to attempt collection. Ibid.

Nor are we persuaded by defendant's laches argument. Laches "is an equitable doctrine, operating as an affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party." Fox v. Millman, 210 N.J. 401, 417 (2012) (quoting Cnty. of Morris v. Fauver, 153 N.J. 80, 105 (1998)). "It is an equitable remedy that we have frequently described as '"an equitable defense that may be interposed in the absence of the statute of limitations."'" Id. at 418 (quoting Borough of Princeton v. Bd. of Chosen Freeholders, 169 N.J. 135, 157 (2001)) (internal citation omitted).

While laches may sometimes be employed to shorten the time to pursue a cause of action otherwise governed by a statute of limitations, see id. at 419-21,

12

the limitations period applies and laches is not operative "unless there is an overriding reason why that application would be inequitable." Id. at 422. A statutory limitations period will be overridden by an equitable remedy in "only the rarest of circumstances and only overwhelming equitable concerns would allow for that result." Ibid.

No such circumstances are present here. N.J.S.A. 2A:50-56.1, as it existed prior to a 2019 amendment, applied to the note and mortgage and established a clear statute of limitations for plaintiff's foreclosure complaint. Nothing in the record suggests rare and overwhelming equitable concerns warrant a shorter limitations period should be imposed on plaintiff. To the contrary, defendant had the benefit of living in her home for nearly seventeen years without making a single payment on her debt to plaintiff. Barring plaintiff's complaint despite its timely filing would further reward defendant for her continuing default on her obligation to pay her debt.

For the same reason, defendant is not entitled to the benefit of equitable estoppel, which "is designed to ensure that [harm] is born[e] by the party who 'made the injury possible or could have prevented it.'" First Union Nat'l Bank v.

Nelkin, 354 N.J. Super. 557, 568 (App. Div. 2002) (quoting Foley Mach. Co. v. Amland Contractors, Inc., 209 N.J. Super. 70, 75 (App. Div. 1986)).[5]

We also see no basis to reverse the motion court's denial of defendant's motion for reconsideration. The May 24, 2024 order, which was the subject of the reconsideration motion, was interlocutory. As the Supreme Court explained, "[b]y definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (quoting Black's Law Dictionary 815 (6th ed. 1990)); see also Wein v. Morris, 194 N.J. 364, 377-79 (2008). At the time the May 24, 2024 order was entered, a final judgment of foreclosure had not been issued.

A "court has the inherent power, to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment." Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987); see also Del Vecchio v. Hemberger, 388 N.J.

---

[5] We note defendant did not raise equitable estoppel before the motion court. Although we need not consider issues not raised before a trial court "unless they are jurisdictional in nature or substantially implicate the public interest," see Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 329 (2010), we review the issue for the sake of completeness.

Super. 179, 188-89 (App. Div. 2006); Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996); D'Atria v. D'Atria, 242 N.J. Super. 392 (Ch. Div. 1990). As Judge Pressler explained, "the strict and exacting standards of R. 4:50" do "not apply to interlocutory orders entered prior to final disposition." Johnson, 220 N.J. Super. at 257. Nor do the limitations of Rule 4:49-2 apply to requests for relief from interlocutory orders. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 96-97 (App. Div. 2008). We review the denial of a motion for reconsideration of an interlocutory order for an abuse of discretion. Johnson, 220 N.J. Super. at 263-64.

The documents supporting defendant's reconsideration motion were unsigned, not authenticated, and produced after the close of discovery. Defendant did not request from plaintiff or its predecessors authenticated, signed copies of the closing documents. The evidentiary value of those documents was, therefore, questionable. In addition, even if we accept the documents as accurately reflecting the terms of the closing, there is no basis to reverse the motion court's denial of defendant's motion. The court severed defendant's statutory claims alleging predatory lending by National and transferred those claims to the Law Division for resolution. The court concluded defendant could raise her HOSA claims based on the closing documents in the Law Division

15

action, where she was seeking monetary damages. The motion court acted within its discretion.

We also agree with the motion court's conclusion defendant did not raise a genuine issue of material fact as to whether National waived its right to collect interest on the note, see Stratton v. Portfolio Recovery Assocs., 770 F.3d 443 (6th Cir. 2014). Defendant produced no evidence National intended to relieve defendant of her obligation to pay interest on her outstanding debt when it "charged off" the loan and mortgage in its records.

To the extent we have not specifically addressed any of defendant's remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16

A-0277-24