SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## Occhifinto v. Olivo Construction Company  (A-77-13) (073174)

**Argued January 21, 2015  -- Decided May 7, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a party who prevailed against its carrier in a declaratory judgment action seeking coverage and defense of the underlying liability action against it, but did not prevail in the liability action, is a "prevailing party" entitled to recover counsel fees under Rule 4:42-9(a)(6).

Plaintiff Robert Occhifinto (Occhifinto) filed suit against defendant Robert S. Keppler Mason Contractors, LLC (Keppler) and others seeking damages for alleged defective construction of an addition to his warehouse (the liability action).  In the liability action, Keppler was defended by its insurance carrier, Mercer Mutual Insurance Company (Mercer), under a reservation-of-rights agreement.  Before trial in the liability action, Mercer filed an action for a declaratory judgment challenging its obligation to provide coverage and to defend Keppler in the liability action.  Occhifinto, on Keppler's behalf, contested the claims raised by Mercer, and filed counterclaims asserting that Mercer had a duty to defend and indemnify Keppler under the policy, and that Mercer was obligated for the counsel fees incurred in defending the declaratory judgment action.

In the declaratory judgment action, the parties filed cross-motions for summary judgment on the insurance coverage question.  The trial court held that Mercer was required to indemnify Keppler for damages covered by the insurance policy.  The court therefore denied Mercer's motion for summary judgment and granted partial summary judgment to Occhifinto, reserving the claim for counsel fees until conclusion of the liability action.

The liability action proceeded, and Occhifinto did not prevail.  After trial, Occhifinto sought to recover counsel fees from Mercer pursuant to Rule 4:42-9(a)(6), which authorizes an award of counsel fees in "an action upon a liability or indemnity policy of insurance in favor of a successful claimant."  The trial court denied Occhifinto's motion, holding that he was not a successful claimant in the liability action because he was not entitled to indemnity coverage in the liability action.   In an unpublished opinion, the Appellate Division affirmed that determination.

The Court granted the petition for certification filed by Occhifinto limited to the issue of Occhifinto's right to counsel fees under Rule 4:42-9(a)(6).  217 N.J. 291 (2014).

**HELD**:  Occhifinto was a successful claimant entitled to counsel fees under Rule 4:42-9(a)(6).  In the declaratory judgment action, the trial court properly concluded that Mercer would be required to indemnify Keppler in the event Keppler was found liable, and therefore determined that the liability action alleged claims that, if proven, would fall within the coverage of Keppler's liability policy with Mercer.  That determination had the practical effect of enforcing Mercer's duty to defend.  By forcing Mercer to defend the liability action, Occhifinto obtained a favorable adjudication on the merits on a coverage question as the result of the expenditure of counsel fees, rendering Occhifinto a successful claimant under Rule 4:42-9(a)(6).

1. Notwithstanding the strong public policy in New Jersey against shifting of costs, counsel fees may be awarded in certain circumstances, including those described in Rule 4:42-9(a)(6), authorizing fee shifting in "an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."  This provision discourages insurance companies from attempting to avoid their contractual obligations and thereby forcing their insureds to expend counsel fees to obtain coverage that they are entitled to receive.  (pp. 7-8).

2.   The term "successful claimant" is broadly defined as a party that succeeds on any significant issue in litigation which achieves some benefit the parties sought in bringing suit.  A party who obtains a favorable adjudication on the merits on a coverage question as the result of the expenditure of counsel fees is a successful claimant under Rule 4:42-9(a)(6).  A successful claimant under Rule 4:42-9(a)(6) may include a party in a negligence action who, like plaintiff, is a third-party beneficiary of a liability insurance policy and litigates a coverage question against a defendant's insurance carrier.  (pp. 9-10).

3.   Having determined that a successful claimant under Rule 4:42-9(a)(6) is one who obtains a favorable adjudication on the merits on a coverage question as the result of the expenditure of counsel fees, the Court next considers whether the duty to defend is a coverage question.  The duty to defend is a "coverage question" if the complaint alleges claims that would, if proven, fall within the coverage of the policy.  As the Court explained in Schmidt v. Smith, 294 N.J. Super. 569, 591 (App. Div. 1996), aff'd 155 N.J. 44 (1998), a party who confirms an insurance carrier's duty to defend qualifies as a successful claimant even if there is no award of damages in the liability action such as would trigger the carrier's duty to indemnify.  (pp. 10-13).

4.   Although an award of counsel fees under Rule 4:42-9(a)(6) involves the exercise of sound discretion by the trial court, the ruling by the trial court in this matter was based upon a mistaken interpretation of the meaning of "successful claimant" under Rule 4:42-9(a)(6) rather than an exercise of discretion.  As an interpretation of the law, the trial court's judgment is not entitled to deference. (p. 13).

5.   In the declaratory action brought by Mercer seeking to disclaim coverage, the trial court granted Occhifinto's motion for summary judgment, holding that Mercer would be required to indemnify Keppler in the event Keppler was found liable.  Although not expressly referencing Mercer's duty to defend Keppler, the trial court properly concluded that the complaint in the liability action alleged claims that, if proven, would fall within the coverage of the policy. The trial court's determination that Mercer may have a duty to indemnify Keppler had the practical effect of enforcing Mercer's duty to defend.  Consequently, Occhifinto succeeded in the declaratory judgment action by forcing Mercer to continue to defend Keppler in the liability action.  Based thereon, Occhifinto obtained a favorable adjudication on the merits on a coverage question as the result of the expenditure of counsel fees, and was therefore a successful claimant under Rule 4:42-9(a)(6). (pp. 14-16).


        The judgment of the Appellate Division is **REVERSED** and the matter is **REMANDED** to the trial court for determination of the amount of counsel fees which Occhifinto is entitled to recover as a successful claimant under Rule 4:42-9(a)(6) consistent with this opinion.

        **CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

ROBERT OCCHIFINTO and NVE,
INC.,

    Plaintiffs-Appellants,

        v.

OLIVO CONSTRUCTION CO., LLC,
MARTIN OLIVO, HOUGHTON,
QUARTY & WARR, LLC, WW
CONSTRUCTION AND MASONRY STAR
BUILDING SYSTEMS, ANDRES F.
ANDERSEN ASSOCIATES, INC.,
DIAMOND SAND AND GRAVEL CO.,
INC., ANTUL N. SHAH, P.E.,
ANS CONSULTANTS, INC., and
BARDO COX & MILLER, INC.,

    Defendants,

        and

ROBERT S. KEPPLER MASON
CONTRACTORS, LLC, a/k/a
ROBERT S. KEPPLER CONCRETE
CONSTRUCTION, LLC, and MERCER
MUTUAL INSURANCE CO.,

    Defendants-Respondents.

        Argued January 21, 2015 – Decided May 7, 2015

        On certification to the Superior Court,
        Appellate Division.

        Dennis T. Smith argued the cause for
        appellants (Pashman Stein, attorneys).

        Michael L. Testa, Sr., argued the cause for
        respondent Mercer Mutual Insurance Company

1

of New Jersey (<u>Testa Heck Scrocca & Testa</u>, attorneys; <u>Justin R. White</u>, on the brief).

<u>Gregory J. Irwin</u> submitted a brief on behalf of respondent Robert S. Keppler Mason Contractors, LLC a/k/a Robert S. Keppler Concrete Construction, LLC (<u>Harwood Lloyd</u>, attorneys).

JUSTICE SOLOMON delivered the opinion of the Court.

Plaintiff Robert Occhifinto (Occhifinto) brought an action for damages against defendant Robert S. Keppler Mason Contractors, LLC (Keppler), and other entities responsible for the construction of an addition to his manufacturing warehouse (liability action). Occhifinto alleged that defendants' negligence caused the addition's concrete floor to fracture and fail. In the liability action, Keppler was defended by its insurance carrier, Mercer Mutual Insurance Company (Mercer), under a reservation-of-rights agreement. Before trial in the liability action, Mercer filed a complaint challenging its obligation to provide coverage and to defend Keppler, which Occhifinto opposed on Keppler's behalf. The trial court found that Mercer was required to indemnify Keppler for damages assessed that were covered by the insurance policy.

The liability action proceeded to trial, and the jury found that Keppler breached its duty of care but did not proximately cause the failure of the warehouse floor and, therefore, awarded no damages against Keppler. After trial, Occhifinto moved to

2

collect counsel fees from Mercer pursuant to Rule 4:42-9(a)(6), which authorizes trial courts to award counsel fees in "an action upon a liability or indemnity policy of insurance in favor of a successful claimant." The trial court denied Occhifinto's motion, holding that he was not a successful claimant because Keppler was not found liable for damages in the liability action.

We conclude that plaintiff was "a successful claimant" entitled to counsel fees under Rule 4:42-9(a)(6), and therefore reverse the judgment of the Appellate Division.

I.

The following facts are undisputed for the purpose of this appeal. Occhifinto sought to expand the nutritional supplement factory he owned and operated by constructing more manufacturing and storage space. He hired Olivo Construction Co., LLC (Olivo) as the general contractor for the expansion. Olivo hired Keppler as the masonry subcontractor. Keppler's primary responsibility under the subcontract was to pour the manufacturing building's second-story concrete floor. Several months after completion of the expansion, the second-story floor began to fracture, rendering the building unsafe for occupancy. Subsequently, Occhifinto filed a complaint alleging negligence,

among other things, against Keppler and the other entities involved with the construction.[1]

Keppler held a general liability insurance policy issued by Mercer, which covered property damage to third parties resulting from an "occurrence" or accident. The policy excluded from coverage damages resulting from "a failure to perform an agreement or contract in accordance with its terms"; and "property damage caused, to any extent, by [Keppler's] products or [Keppler's] work or any part of such." Mercer initially agreed to provide Keppler with a legal defense but reserved the right to disclaim coverage.

In an effort to disclaim coverage Mercer filed a declaratory judgment action before the liability action commenced. Mercer asserted that it had no duty to defend or indemnify Keppler against Occhifinto's claims because the alleged damages fell outside of the policy's coverage. Occhifinto defended the declaratory judgment action on behalf of Keppler and filed a counterclaim asserting that (1) Mercer had a duty to defend and indemnify Keppler under the policy, and that (2) Mercer was required to pay the counsel fees incurred defending the declaratory judgment action.

---

[1] Occhifinto's complaint also alleged breach of contract, breach of warranties, and other related claims which are not relevant to this decision.

The parties filed cross motions for summary judgment on the insurance coverage question. Mercer also requested an adjournment of the liability action pending resolution of the declaratory judgment action on coverage. The trial court denied Mercer's summary judgment motion and partially granted Occhifinto's, reserving the claim for counsel fees until the conclusion of the liability action. In his decision the trial judge stated, "I am satisfied that with regard to the proofs that have been presented on this application, that there is coverage under the policy." The judge then determined "that there is a duty to provide indemnification in the event that there is a finding of liability at trial." Finally, the judge denied Mercer's request for an adjournment, and consolidated Occhifinto's claim for counsel fees in the declaratory judgment action with the liability action.

At the conclusion of the liability trial, the jury found Keppler not liable, determining Keppler had breached its duty of care to Occhifinto but the breach was not a proximate cause of Occhifinto's damages. Thereafter, Occhifinto moved pursuant to Rule 4:42-9(a)(6) to recover counsel fees incurred defending Keppler in Mercer's declaratory judgment action. The court denied the motion because the jury found Keppler was not liable. The court reasoned that Occhifinto was not a "successful

5

claimant" because success under the rule "is contingent upon the securing of indemnity coverage."

The Appellate Division affirmed in an unpublished opinion. We granted certification limited to the issue of Occhifinto's right to counsel fees under Rule 4:42-9(a)(6). Occhifinto v. Olivo Constr. Co., LLC, 217 N.J. 291 (2014).

## II.

Occhifinto contends he is a "successful claimant" under Rule 4:42-9(a)(6) because the trial court required Mercer to defend and, if necessary, indemnify Keppler. In addition, he argues that no deference is owed to the trial court's decision because it was predicated upon a misconception of controlling legal principles, not upon an exercise of its discretion.

Mercer counters that to be a "successful claimant" under Rule 4:42-9(a)(6), Occhifinto was required to prevail in the liability action. Thus, Mercer maintains that the trial court applied the correct legal standard governing the award of counsel fees under Rule 4:42-9(a)(6). Mercer also asserts that it provided a defense to Keppler under a reservation of rights agreement; thus, the only issue decided by the declaratory judgment action was whether Mercer was contractually obligated to indemnify Keppler against the types of claims alleged in Occhifinto's complaint. Accordingly, Mercer claims the duty to

defend was never at issue, and Occhifinto must show he succeeded in securing indemnity coverage to be a "successful claimant."

III.

A.

Resolution of the present issue requires an understanding of New Jersey's policy regarding fee shifting, which is the award of counsel fees to a successful party. New Jersey courts "have traditionally adhered to the American Rule as the principle that governs the allocation of attorneys' fees." Walker v. Giuffre, 209 N.J. 124, 127 (2012). The American Rule "'prohibits recovery of counsel fees by the prevailing party against the losing party.'" In re Estate of Vayda, 184 N.J. 115, 120 (2005) (quoting In re Niles Trust, 176 N.J. 282, 294 (2003)). Thus, litigants typically bear the cost of their own legal representation. Ibid. "The purposes behind the American Rule are threefold: (1) unrestricted access to the courts for all persons; (2) ensuring equity by not penalizing persons for exercising their right to litigate a dispute, even if they lose; and (3) administrative convenience." Niles Trust, supra, 176 N.J. at 294.

Notwithstanding New Jersey's "'strong public policy against the shifting of costs,'" counsel fees may be awarded in certain

7

circumstances.[2]  Litton Indus., Inc. v. IMO Indus., Inc., 200

N.J. 372, 404-05 (2009) (quoting Vayda, supra, 184 N.J. at 120).

A goal of fee shifting is to discourage parties from using the

costs of litigation to gain an advantage over their opponent.

See Niles Trust, supra, 176 N.J. at 299-300; In re Estate of

Lash, 169 N.J. 20, 26 (2001).  Here, Occhifinto's fee-shifting

claim is based on Rule 4:42-9(a), which authorizes fee shifting

in eight specific circumstances,[3] including "an action upon a

liability or indemnity policy of insurance in favor of a

---

[2] The award of counsel fees to the successful litigant is allowed
by statute, court rule, contract terms, and equitable
principles. With some variance, this approach is adopted by most
jurisdictions.  See generally John F. Vargo, The American Rule
on Attorney Fee Allocation: The Injured Person's Access to
Justice, 42 Am. L. Rev. 1567, 1578-88 (1993); see also Trope v.
Katz, 902 P.2d 259, 262-63 (Cal. 1995); Schoonmaker v. Lawrence
Brunoli, Inc., 828 A.2d 64, 94 (Conn. 2003); Goodrich v. E.F.
Hutton Grp., 681 A.2d 1039, 1043-44 (Del. 1996); Preferred Mut.
Ins. Co. v. Gamache, 686 N.E.2d 989, 991 (Mass. 1997); Baker v.
Health Mgmt. Sys., 772 N.E.2d 1099, 1104 (N.Y. 2002); State ex
rel. Doe v. Smith, 914 N.E.2d 159, 165, reconsideration denied,
914 N.E.2d 1256 (Ohio 2009); McMullen v. Kutz, 985 A.2d 769, 775
(Pa. 2009).

[3] The eight circumstances are

> family actions when permitted under Rule 5:3-
> 5(c); out of a fund in court; in certain
> probate actions; in mortgage foreclosure
> actions; in tax certificate foreclosure
> actions; in actions upon a liability or
> indemnity insurance policy; as otherwise
> expressly allowed by the Rules of Court; and
> in all cases where statutorily allowed.
>
> [Litton, supra, 200 N.J. at 405 (citing R.
> 4:42-9(a)(1) to (8).]

8

successful claimant." R. 4:42-9(a)(6). Fee shifting under Rule 4:42-9(a)(6) discourages insurance companies from attempting to avoid their contractual obligations and force their insureds to expend counsel fees to establish the coverage for which they have already contracted. Sears Mortg. Corp. v. Rose, 134 N.J. 326, 356 (1993); Guarantee Ins. Co. v. Saltman, 217 N.J. Super. 604, 610 (App. Div.), certif. denied, 109 N.J. 484 (1987); Kistler v. N.J. Mfrs. Ins. Co., 172 N.J. Super. 324, 329-30 (App. Div. 1980).

The term successful claimant is broadly defined as a party that "'succeed[s] on any significant issue in litigation which achieves some benefit the parties sought in bringing suit.'" R.M. v. Supreme Court of New Jersey, 190 N.J. 1, 10 (2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 40, 50 (1983)). A party who "obtain[s] a favorable adjudication on the merits on a coverage question as the result of the expenditure of [counsel] fees," is a successful claimant under Rule 4:42-9(a)(6). Transamerica Ins. Co. v. Nat'l Roofing Inc., 108 N.J. 59, 63 (1987).

A successful claimant under Rule 4:42-9(a)(6) may include a party in a negligence action who, like plaintiff, is a third-party beneficiary of a liability insurance policy and litigates a coverage question against a defendant's insurance carrier. See Sears, supra, 134 N.J. at 355; Myron Corp. v. Atl. Mut. Ins.

9

Corp., 407 N.J. Super. 302, 311 (App. Div. 2009), aff'd o.b., 203 N.J. 537 (2010). We authorize trial courts to award counsel fees in favor of third-party beneficiaries of insurance contracts because "an insurer's refusal to provide liability coverage may also, as a practical matter, preclude an innocent injured party from being able to recover for the injury." Id. at 311.

### B.

Having determined that a successful claimant under Rule 4:42-9(a)(6) is one who "obtain[s] a favorable adjudication on the merits on a coverage question as the result of the expenditure of [counsel] fees," Transamerica, supra, 108 N.J. at 63, we must next determine whether the duty to defend is a coverage question. We have held that the duty to defend is a "coverage question" if the complaint alleges claims that would, if proven, fall under the policy. Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 173-74 (1992).

In Schmidt v. Smith, 294 N.J. Super. 569, 591 (App. Div. 1996), aff'd, 155 N.J. 44 (1998), the Appellate Division considered the meaning of "success" in a declaratory judgment action and concluded that a party who confirms an insurance carrier's duty to defend qualifies as a successful claimant even if there is no award of damages requiring indemnification. The plaintiff in Schmidt filed a complaint against her manager and

10

his employer, alleging sexual harassment, hostile work environment, assault, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Schmidt, supra, 294 N.J. Super. at 574. The employer's liability insurance carrier refused to defend either the employer or the manager, asserting that the claims against them resulted from intentional conduct, which was excluded under the policy. Ibid. The employer filed a declaratory judgment action against its liability insurance carrier seeking reimbursement for the counsel fees and costs incurred defending the liability action on its own behalf and on behalf of its manager. Ibid.

The trial court stayed the declaratory judgment action pending completion of the liability trial, after which the jury found for the plaintiff. Id. at 574-75. In answers to special interrogatories, the jury found that both the employer and the manager were liable for claims of sexual harassment and hostile work environment, and that the manager was individually liable for assault, assault and battery, and intentional infliction of emotional distress. Ibid.

In the declaratory judgment action, the trial court held that the employer was entitled to indemnification on the claims of sexual harassment and hostile work environment because the plaintiff did not show that the employer's actions were

11

intentional. Id. at 584. However, the court determined that the manager was not entitled to indemnification because the acts for which he was found liable resulted from intentional conduct. Id. at 588. Nevertheless, the trial court found the insurance carrier had a duty to defend the employer and the manager, and both were entitled to reimbursement for counsel fees and costs incurred defending the action. Id. at 589.

On appeal, the Appellate Division correctly applied this Court's holding in Voorhees, supra, 128 N.J. at 173, that an insurer's duty to defend is determined by the nature of the claims alleged in the complaint and not the merits of those claims. The appellate court held that, where an insured or a third-party beneficiary of an insurance policy has established the carrier's duty to defend, counsel fees are recoverable regardless of the liability determination in the underlying case. Schmidt, supra, 294 N.J. Super. at 591; accord Pressler & Verniero, Current N.J. Court Rules, comment 2.6 on R. 4:42-9 at 1807 (2015) ("[A]n insured entitled to a defense under the policy is entitled to an award of attorney's fees for the defense even if he is later determined not to be entitled to indemnification.").

In affirming the Appellate Division, we explicitly adopted the approach taken in Schmidt, supra, 294 N.J. Super. at 591, that a party to a declaratory judgment action qualifies as a

successful claimant when the insurance carrier's duty to defend is proven, even if there is no duty to indemnify. Schmidt v. Smith, 155 N.J. 44, 53 (1998) ("We affirm the conclusions of the Appellate Division relating to [the insurance carrier's] liability for the defense costs incurred by [the claimants].").

C.

We acknowledge that the award of counsel fees under Rule 4:42-9(a)(6) involves the exercise of sound discretion by the trial court. Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 619 (2011) (holding trial courts have "broad discretion as to when, where, and under what circumstances counsel fees may be proper and the amount to be awarded"). However, the trial court in this instance denied Occhifinto's motion based upon the assumption that success under Rule 4:42-9(a)(6) "is contingent upon the securing of indemnity coverage." The court's ruling was therefore based upon its mistaken interpretation of the meaning of "successful claimant" under Rule 4:42-9(a)(6) rather than an exercise of its discretion. As an interpretation of law the trial court's judgment is not entitled to deference; we review legal determinations based on an interpretation of our court rules de novo. State ex rel. A.B., 219 N.J. 542, 554-55 (2014); Myron, supra, 407 N.J. Super. at 309.

IV.

With those principles in mind, we consider the declaratory judgment action filed by Mercer. Mercer's complaint explicitly denied "a duty to defend and/or indemnify [Keppler] for any and all acts complained of by [plaintiff]," and asked the trial court to "declare that plaintiff Mercer does not owe a duty to defend and/or indemnify" Keppler. Mercer also sought to have the trial date adjourned in the event its motion for summary judgment was successful.[4]

Mercer's attempt to disclaim coverage by filing a declaratory judgment action forced Occhifinto -- a third-party beneficiary of Keppler's liability insurance policy -- to defend so that, if successful in the underlying liability action, he would be able to recover damages awarded against Keppler.

The trial court granted Occhifinto's summary judgment motion without mentioning Mercer's duty to defend Keppler. However, the court held that Mercer would be required to indemnify Keppler in the event Keppler was found liable. The trial court thus concluded that the complaint alleged claims that would, if proven, fall under Keppler's policy with Mercer. See Voorhees, supra, 128 N.J. at 173. That conclusion finds

---

[4] Mercer's contention that it did not contest its duty to defend Keppler is inconsistent with Mercer's request for an adjournment of the trial contained in its motion for summary judgment; the adjournment request's obvious design was to provide Keppler with an opportunity to obtain substitute counsel in the event that Mercer's motion was granted.

support in this record based upon our independent review of the pleadings and we see no basis for its disturbance. The trial court's additional determination that Mercer may have a duty to indemnify Keppler had the practical result of enforcing Mercer's duty to defend. Occhifinto thus succeeded in the declaratory judgment action by forcing Mercer to continue to defend Keppler in the liability action.

By forcing Mercer to defend Keppler in the liability action Occhifinto "obtain[ed] a favorable adjudication on the merits on a coverage question as the result of the expenditure of [counsel] fees." Transamerica, supra, 108 N.J. at 63. Thus, Occhifinto was a successful claimant under Rule 4:42-9(a)(6). See ibid. This conclusion is consistent with the policy goals we articulated in Sears, supra, that Rule 4:42-9(a)(6) seeks to discourage insurance companies from filing declaratory judgment actions to avoid their contractual obligations to provide the coverage for which their insureds have contracted. 134 N.J. at 356; see also Guarantee Ins., supra, 217 N.J. Super. at 610.

V.

Because the trial court concluded in the declaratory judgment action that the complaint filed in the liability action alleged claims that would, if proven, fall under Keppler's liability insurance policy with Mercer, thereby enforcing Mercer's duty to defend, Occhifinto was a successful claimant

15

entitled to counsel fees pursuant to <u>Rule</u> 4:42-9(a)(6).[5]  We

therefore reverse the judgment of the Appellate Division and

remand the matter to the trial court for a determination of the

amount of counsel fees to be awarded to Occhifinto.


    CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON,
and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join
in JUSTICE SOLOMON's opinion.

---

[5] Although we held in <u>Passaic Valley</u>, <u>supra</u>, 206 <u>N.J.</u> at 619,
that the award of counsel fees under <u>Rule</u> 4:42-9(a)(6) "is not
mandatory" and that trial courts should award counsel fees based
on the "totality of the circumstances," the decision not to
award counsel fees here was based on a misapprehension of the
law.  Further, none of the factors militating against the award
of counsel fees in <u>Passaic Valley</u> are present here.

16

SUPREME COURT OF NEW JERSEY

NO.    A-77                          SEPTEMBER TERM 2013

ON CERTIFICATION TO _____ Appellate Division, Superior Court _____


ROBERT OCCHIFINTO and NVE INC.,

    Plaintiffs-Appellants,

            v.

OLIVO CONSTRUCTION CO., LLC,
MARTIN OLIVO, HOUGHTON, QUARTY
& WARR, LLC, WW CONSTRUCTION AND
MASONRY STAR BUILDING SYSTEMS,
ANDRES F. ANDERSON ASSOCIATES, INC.,
DIAMOND SAND AND GRAVEL CO., INC.,
ANTUL N. SHAH, P.E., ANS CONSULTANTS, INC.,
and BARDO COX & MILLER, INC.,

    Defendants,

        and

ROBERT S. KEPPLER MASON CONTRACTORS, LLC,
a/k/a ROBERT S. KEPPLER CONCRETE CONSTRUCTION, LLC,
and MERCER MUTUAL INSURANCE CO.,

    Defendants-Respondents.



DECIDED          May 7, 2015
_____
            Chief Justice Rabner              PRESIDING
_____
OPINION BY          Justice Solomon
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |