**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0973-18T1

EDWARD HAMILTON and
CAROL HAMILTON, his wife,

     Plaintiffs,

v.

MORRIS SCHOOL DISTRICT,
FM GLOBAL, and AERCO
INTERNATIONAL,

     Defendants,

and

MORRIS SCHOOL DISTRICT,

     Defendant/Third-Party
     Plaintiff-Appellant,

v.

KCG, INC., and CITIZENS INSURANCE
COMPANY OF AMERICA,

     Third-Party Defendants-
     Respondents/Cross-Appellants.

_____

Submitted December 17, 2019 – Decided January 6, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1446-16.

Methfessel & Werbel, attorneys for appellant (William Scott Bloom and James Victor Mazewski, on the briefs).

Law Office of Terkowitz & Hermesmann, attorneys for respondent/cross-appellant KCG, Inc. (Jonathan S. Robinson, on the briefs).

Donnelly Minter & Kelly LLC, attorneys for respondent/cross-appellant Citizens Insurance Company of America (David Morgan Blackwell, of counsel and on the briefs; Christin D. Fontanella, on the briefs).

PER CURIAM

Plaintiff tripped and fell at a school and brought this suit against the property owner – defendant Morris School District (the school district) – and other parties not relevant here. At the time of the fall, plaintiff was apparently performing duties for his employer KCG, Inc., which provided maintenance services for the school district pursuant to a written contract. That contract included an indemnification provision as well as KCG's promise to add the school district as an insured on a liability policy issued by Citizens Insurance Company of America. When, after plaintiff commenced this action, Citizens

refused the school district's tender of the defense, the school district filed a third-party complaint seeking a defense and indemnification from both KCG and Citizens.

In March 2018, Citizens moved for summary judgment seeking dismissal of the third-party complaint. By the end of May 2018, KCG and the school district had also moved for summary judgment on the third-party complaint. Before these motions could be heard, the case was sent to mandatory, non-binding arbitration; by agreement, the indemnification dispute was not arbitrated. The arbitrator "no-caused" plaintiff's claim, and when plaintiff failed to timely file for a trial de novo, his adversaries moved to confirm the arbitration award. The defense motion was granted in September 2018. At the conclusion of the motion hearing, the school district's attorney inquired about the status of the pending summary judgment motions. The judge responded that she thought all other pending issues had been "disposed of."

Soon after, counsel wrote to the judge seeking the calendaring of the summary judgment motions. The motions, however, were neither relisted nor argued; instead, the judge entered an order on September 25, 2018, that denied all the summary judgment motions, finding they were mooted by the dismissal of plaintiff's complaint.

A-0973-18T1

The school district appeals, and KCG and Citizens cross-appeal. The school district argues that the judge erred in declaring its motion moot and seeks as well our holding that it is entitled to summary judgment. Citizens agrees that the judge's mootness determination is a question to be decided but takes no position; instead, Citizen argues the school district's claim for indemnification is without merit. KCG argues that the judge "properly concluded that the confirmation of the arbitration award disposed of all issues," but then inconsistently claims it was entitled to summary judgment on the merits.

We conclude that the school district's third-party action against KCG and Citizens was not rendered moot by the dismissal of plaintiff's complaint, and we remand for the judge's disposition of the three summary judgment motions. Mootness arises when the decision sought "can have no practical effect on the existing controversy." Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). We agree with the school district that the disposition of plaintiff's claim did not end the parties' indemnification dispute. To explain, we briefly consider – but express no view of – the merits of the parties' summary judgment motions.

4

In seeking summary judgment against KCG, the school district relied on their contract's indemnification provision, which obligated KCG to "indemnify, defend, and save harmless" the school district from all claims "which shall arise from or result directly or indirectly from the work and/or materials supplied under this contract and the performance by [KCG] under the contract or by a party for whom [KCG] is liable." In such instances, KCG was obligated to indemnify and save the school district harmless from all judgments and recoveries, "including, but not limited to, attorneys fees." Even though the disposition of plaintiff's claim against the school district has obviated the school district's need for indemnification, there remains a colorable argument that plaintiff's claim arose from KCG's performance of the contract and, because KCG did not provide a defense, the school district was left to defend itself. If the school district's interpretation of the contract's provisions is correct, it is entitled to seek compensation for the injuries sustained as a result of KCG's alleged breach.

Although the school district's claim against Citizens is based on the terms of a liability policy, while KCG's liability is based on its contract, the mootness analysis is similar. Just as with the claim against KCG, Citizens' refusal to defend the school district – an additional insured under the liability policy issued

to KCG – had consequences not limited to Citizens' alleged obligation to pay any judgment entered against the school district. Citizens allegedly agreed to defend any claim falling within its insuring clauses, and the school district has incurred the expense of defending itself. The school district also incurred the cost of seeking to vindicate its alleged rights under the policy – yet unadjudicated – to both a defense and indemnification.

It is elementary that an insurer is obligated to provide its insured with a defense against all actions covered by the policy. Hartford Acc. & Indemn. Co. v. Aeta Life & Cas. Ins. Co., 98 N.J. 18, 22 (1984). That duty is triggered by the mere filing of a complaint alleging a covered claim, Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 173 (1992), and is unaffected by the plaintiff's ultimate success or failure, even when the claim is found to be "groundless, false, or fraudulent," Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953), aff'd o.b., 15 N.J. 573 (1954); see also Abouzaid v. Mansard Gardens Assocs., LLC, 207 N.J. 67, 81 (2011). Whether a duty to defend has been triggered is determined by placing the complaint "alongside the policy" so that the claimant's allegations may be compared with the insuring provisions. The Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512 (1965). If the claim falls within a risk insured against, the duty to defend is triggered. Voorhees, 128 N.J. at 175, 180. When,

6

in invoking this test, the court determines that the reach or meaning of the policy is ambiguous or uncertain, the court should construe the policy "liberally in favor of the insured and strictly against the insurer." W9/PHC Real Estate LP v. Farm Family Cas. Ins. Co., 407 N.J. Super. 177, 191 (App. Div. 2009); see also Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 8 (1961) (holding that courts "are bound to protect the insured to the full extent that any fair interpretation will allow"). And when the complaint "does not state facts with sufficient definiteness to clearly bring the claim within or without" the policy, that doubt too is resolved so as to trigger the duty to defend. Abouzaid, 207 N.J. at 81 (quoting Robert R. Keeton & Alan L. Widiss, Insurance Law, A Guide to Fundamental Principles, Legal Doctrines and Commercial Practices 1020-21 (1988) (footnotes omitted)). In this sense, it is often said that the duty to defend is broader than the duty to indemnify. See Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 272 (App. Div. 2008); Rosario ex rel. Rosario v. Haywood, 351 N.J. Super. 521, 534 (App. Div. 2002); Robert W. Hayman, Inc. v. Acme Carriers, Inc., 303 N.J. Super. 355, 357-58 (App. Div. 1997). So, even though plaintiff's complaint was dismissed, if it is ultimately determined that the claim fell within the policy's four corners, Citizen would be liable for the cost to the school district in defending itself, Hebela v. Healthcare Ins. Co., 370 N.J.

Super. 260, 274 (App. Div. 2004), and in seeking a defense and indemnification, R. 4:42-9(a)(6). See also Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 453 (2015).

For these reasons, we conclude that the controversy that exists between and among the school district, KCG and Citizens is not moot.

We, lastly, decline the parties' invitation to determine whether any of them are entitled to summary judgment. True, our review of a trial judge's disposition of a summary judgment is de novo, Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016), but that doesn't mean we are required to do that which the trial judge should have done in the first instance, Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018). We, therefore, reverse the order that denied the parties' summary judgment motions on mootness grounds and remand so the judge may schedule and rule on those motions. We, of course, remand for all other purposes as well, since the disposition of the summary judgment motions may leave unresolved issues between or among the remaining parties.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0973-18T1