**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0359-21

RIDGEFIELD PARK PBA
LOCAL 86,

     Plaintiff-Appellant,

v.

VILLAGE OF RIDGEFIELD
PARK,

     Defendant-Respondent.

_____

Submitted June 6, 2022 – Decided July 5, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5647-21.

Limsky Mitolo, attorneys for appellant (Merick H. Limsky, on the brief).

Boggia Boggia Betesh & Voytus, LLC, attorneys for respondent (Philip N. Boggia and Joseph W. Voytus, on the brief).

PER CURIAM

Plaintiff Ridgefield Park PBA Local 86 appeals from an August 26, 2021 order denying its order to show cause (OTSC) to proceed summarily and dismissing its verified complaint to vacate or modify a Public Employment Relations Commission (PERC) arbitration award. We reverse and remand.

Because we reverse on procedural grounds, we forego a recitation of the facts giving rise to plaintiff's employment grievance action against defendant Village of Ridgefield Park under a collective negotiations agreement.

After a PERC arbitrator ruled in favor of defendant in the employment grievance action, on August 24, 2021, plaintiff filed an OTSC and verified complaint pursuant to N.J.S.A. 2A:24-7 and Rule 4:67-1. Two days later, before plaintiff served the OTSC and verified complaint upon defendant, the judge denied the OTSC, finding plaintiff failed to establish "a reasonable probability of success on the merits of the claim or the law on which [plaintiff] bases [its] claim is unsettled." The judge concluded plaintiff "ha[d] not met the necessary standards to vacate the arbitration [award] entered in favor of the [d]efendant. The [p]laintiff has not shown that the arbitrator committed such serious error in that it would not be able to even arguably construe the contract in favor of the [d]efendant." After denying the OTSC to proceed in a summary manner, the judge sua sponte dismissed plaintiff's complaint.

A-0359-21

On appeal, plaintiff argues the judge erred in denying the OTSC and dismissing its action. We agree the judge failed to comport with Rule 4:67 governing procedures for summary actions and therefore reverse and remand the matter to the trial court.

Additionally, plaintiff requests we exercise original jurisdiction, decide the matter on the merits, and vacate the arbitrator's award. We decline to do so because the issue was not fully briefed by the parties in the trial court proceeding. The judge reviewed only the allegations in the verified complaint in dismissing plaintiff's action sua sponte.

In reviewing an application under Rule 4:67, we consider whether there is substantial credible evidence supporting the trial judge's disposition of a party's request to proceed summarily. See O'Connell v. N.J. Mfrs. Ins. Co., 306 N.J. Super. 166, 173 (App. Div. 1997), app. dism'd, 157 N.J. 537 (1998). We review a trial court's determination based on an interpretation of the court rules de novo. Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 453 (2015).

"A party to [an] arbitration proceeding may . . . commence a summary action in the court . . . for the confirmation of the award or for its vacation, modification or correction." N.J.S.A. 2A:24-7. Because the matter involved an

arbitration award, plaintiff had the option to proceed in a summary manner under

Rule 4:67-1(a).  Rule 4:67-2(a) provides:

> [i]f the action is brought in a summary matter pursuant to R. 4:67-1(a), the complaint, verified by affidavit made pursuant to R. 1:6-6, may be presented to the court ex parte and service shall be made pursuant to R. 4:52-1(b) . . . .  The proceeding shall be recorded verbatim provided that the application is made at a time and place where a reporter or sound recording device is available.  The court, if satisfied with the sufficiency of the application, shall order the defendant to show cause why final judgment should not be rendered for the relief sought.

"Rule 4:67-1 is designed 'to accomplish the salutary purpose of swiftly and effectively disposing of matters which lend themselves to summary treatment while at the same time giving the defendant an opportunity to be heard at the time plaintiff makes his [or her] application on the question of whether or not summary disposition is appropriate.'"  Grabowsky v. Twp. of Montclair, 221 N.J. 536, 549 (2015) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4-67-1 (2015)).  In Grabowsky, our Supreme Court held the trial court's summary disposition dismissing the plaintiff's complaint was procedurally improper under Rule 4:67-1.  Ibid.  In that case, the Court noted the procedural requirements of Rule 4:67-1 "serve important objectives: to permit the presentation of a factual record and legal arguments to the court, and

to ensure that the parties anticipate and address the standard for summary disposition before the court decides whether to grant that relief." Id. at 550.

Here, the judge denied plaintiff's OTSC to proceed summarily without development of a complete factual record and without the benefit of defendant's arguments. Thus, the record lacks substantial credible evidence supporting the denial of plaintiff's motion to proceed in a summary manner. Nor was the proceeding recorded consistent with Rule 4:67-1. Moreover, plaintiff had no notice the complaint would be dismissed in its entirety upon the denial of its OTSC to proceed summarily.

At the time the judge denied plaintiff's OTSC, there was no pending motion to dismiss plaintiff's complaint as defendant had yet to be served with plaintiff's pleadings. After denying the OTSC to proceed in a summary manner, the judge should have notified plaintiff of his intent to sua sponte consider the merits of plaintiff's application to vacate or modify the arbitration award. By dismissing the complaint on his own, the judge failed to provide plaintiff with "notice and an opportunity to be heard . . . at a meaningful time and in a meaningful manner." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001).

A-0359-21

Additionally, the judge reviewed plaintiff's OTSC as a request for injunctive relief despite plaintiff never requesting such relief. Plaintiff filed a verified complaint to vacate or modify the arbitration award and sought adjudication of that issue by way of a summary proceeding under Rule 4:67. Defendant did not file opposition to plaintiff's OTSC to proceed summarily or address the merits of the relief sought in the verified complaint because the judge dismissed the litigation prior to plaintiff having the opportunity to serve its pleadings on defendant.

Even presuming the judge's denial of the OTSC to proceed summarily comported with the requirements of Rule 4:67, plaintiff should have been given an opportunity to address why its verified complaint should not be dismissed. Based solely on the allegations in the verified complaint, and without notice to plaintiff, the judge determined plaintiff could not prevail as a matter of law in vacating or modifying the arbitrator's award.

On remand, consistent with due process requirements, the judge should provide notice to plaintiff of any court-initiated motion to dismiss the verified complaint. Plaintiff should have an opportunity to present arguments why such dismissal would be inappropriate, particularly in the absence of responsive papers from defendant. We take no position on the outcome of the trial court's

6

initiation of its own motion to dismiss plaintiff's complaint if the judge elects to proceed in such a manner. We leave it to the trial court's discretion how to proceed with a future court-initiated motion to dismiss and whether defendant's position on such a sua sponte motion should be considered to develop a complete record.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0359-21