# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0986-23

IN THE MATTER OF L.H.

_____

Argued February 24, 2025 – Decided July 1, 2025

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. P-000101-23.

Ronald W. Horowitz argued the cause for appellant Nolan Horowitz.

John G. Hoyle, III, argued the cause for respondent Adult Protective Services (Hoyle Law, LLC, attorneys; John G. Hoyle, III, of counsel and on the brief).

PER CURIAM

Petitioner, Nolan Horowitz, appeals from an order, dated June 30, 2023, wherein the trial court awarded $6,077.50 in attorney's fees to the court-appointed guardian for his incapacitated grandmother, now deceased, and $2,838.04 in fees to the attorney appointed by the court. He also appeals from

an order dated October 20, 2023, denying reconsideration. Discerning no error by the trial court, we affirm both orders.

I.

Petitioner is the grandson of L.H., who was a Monmouth County resident of a nursing home suffering from dementia. Her youngest son predeceased her. Her eldest son, Ronald, represents petitioner in this action. There are four adult grandchildren.

The record reflects the nursing home experienced difficulties in early 2023 locating a relative or someone who could make medical decisions for L.H., which prompted the nursing home to contact Adult Protective Services ("APS"). APS filed a petition for guardianship to have L.H. deemed incapacitated and have the Office of the Public Guardian appointed as her guardian. Ronald was eventually located and served by mail. Ronald opposed the application, seeking to have L.H.'s grandson, Nolan, serve as guardian instead. After the court appointed Nolan as guardian of L.H.'s person and property, it entertained fee applications and awarded the above fees to be paid from L.H.'s estate in June of 2023. L.H. passed away one month later in July 2023. Petitioner filed a motion for reconsideration, which was denied in October 2023.

A-0986-23

Petitioner argues there were several procedural irregularities regarding the awarded fees, including improper and untimely service upon Ronald. He also contends the certifications of attorney services were insufficiently detailed and the trial court failed to analyze the factors pursuant to the court rule. Finally, he argues the court should have ordered APS to pay the fees since it was the party that took legal action.

The trial court rejected these arguments, finding Ronald had adequate notice and an obvious opportunity to be heard, and the certification of fees detailed reasonable services. This appeal followed.

II.

We review a trial court's decision granting or denying a fee application with the understanding it "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." In re A.D., 259 N.J. 337, 351 (2024) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)); see also Hansen v. Rite Aid Corp., 253 N.J. 191, 212 (2023) (noting an appellate court may reverse a fee determination pursuant to the abuse of discretion standard when the "decision 'was based on irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" (quoting Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155-56 (App. Div. 2016))).

A-0986-23

The well-known American Rule requires each litigant "bear the cost of their own legal representation." Boyle v. Huff, 257 N.J. 468, 479 n.1 (2024) (quoting Occhifinto v. Olivo Constr. Co., LLC, 221 N.J. 443, 449 (2015)). "The American Rule, however, is not absolute." A.D., 259 N.J. at 352. Rule 4:42-9(a) provides several exceptions to that rule. Relevant to our circumstances:

> Rule 4:42-9(a)(3) provides that "[i]n a guardianship action, the court may allow a fee in accordance with [Rule] 4:86-4(e) to the attorney for the party seeking guardianship, counsel appointed to represent the alleged incapacitated person, and the guardian ad litem." Rule 4:86-4(e) states that "[t]he compensation of the attorney for the party seeking guardianship, appointed counsel, and of the guardian ad litem, if any, may be fixed by the court to be paid out of the estate of the alleged incapacitated person or in such other manner as the court shall direct."
>
> [A.D., 259 N.J. at 355 (first and third alteration in original).]

Here the trial court found the certifications of attorney services were properly submitted and reasonable considering the work required and results achieved. The trial court made the fee awards after considering petitioner's objections and hearing the arguments in opposition. It particularly noted the reduced rate of two hundred dollars per hour. The fees awarded for this contested guardianship action, necessitated because the nursing home did not have appropriate contact with L.H.'s sons, were reasonable and appropriate.

4

Petitioner's argument, that the court should have directed APS to pay the fees of its counsel and court-appointed counsel, is without any basis in the law. In fact, as set forth recently by our Supreme Court,

> Both of the statutes that govern the guardianship proceeding . . . provide for fee awards against the estate of the alleged incapacitated person. The APS Act authorizes a court to "order payments to be made by or on behalf of the vulnerable adult for protective services from [her] own estate," N.J.S.A. 52:27D-418, and defines "[p]rotective services" to include "legal . . . services necessary to safeguard a vulnerable adult's rights and resources, and to protect a vulnerable adult from abuse, neglect or exploitation," [N.J.S.A. 52:27D-417]. The statute addressing temporary guardianships provides that a "temporary guardian, upon application to the court, shall be entitled to receive reasonable fees for his services, as well as reimbursement of his reasonable expenses, which shall be payable by the estate of the alleged incapacitated person or minor." N.J.S.A. 3B:12-24.1(c)(9).
>
> Neither statute, however, authorizes an award of fees against an adult protective services provider such as APS. As the Appellate Division observed . . . N.J.S.A. 52:27D-418 "only permits the ordering of payments from the vulnerable adult's 'own estate,'" and "any authority to make such an award does not extend to compelling another litigant or any other person or party to bear such fees." [In re Farnkopf, 363 N.J. Super. 382, 403 (App. Div. 2003)] (quoting N.J.S.A. 52:27D-418). The APS Act does not authorize a fee award against a person or entity other than the estate in a guardianship matter such as this one.

A-0986-23

[<u>A.D.</u>, 259 N.J. at 354 (second alteration in original) (citations reformatted).]

We perceive no basis to disturb the trial court's well-reasoned orders awarding both fees, payable by the estate of L.H., and no basis upon which to disturb the denial of the motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M. C. Harley_

Clerk of the Appellate Division

A-0986-23